# Richmond

## Luther Surratt v. Commonwealth of Virginia.

June 14, 1948.

Record No. 3371.

Present, All the Justices.

The opinion states the case.

*S. H.* and *Geo. C. Sutherland*, for the plaintiff in error.

*Henry T. Wickham, Special Assistant to the Attorney General*, for the Commonwealth.

STAPLES, J., delivered the opinion of the court.

After appealing from conviction by a trial justice, the defendant was tried before a jury in the Circuit Court of Dickenson County on a warrant charging the sale of whiskey in violation of section 40 of the Alcoholic Beverage Control Act (Michie's Code, section 4675(40)). The warrant also charged that he had "previously been convicted of violating the Virginia Alcoholic Beverage Control Act." The jury returned a verdict of guilty and imposed a fine of $100 and confinement in the county jail for 30 days. This writ of error was granted to review the judgment entered on said verdict.

There are only two assignments of error presented to us for consideration, first, the admission in evidence of proof of a previous conviction of violation of the Alcoholic Beverage Control Act by the defendant as alleged in the warrant, and, second, the refusal to instruct the jury that the defendant could not be convicted if he sold lawfully pos-

sessed whiskey to an agent of the Virginia Alcoholic Beverage Control Board who procured him to sell the same.

With respect to the first assignment of error, the record shows that during the trial of the case the Commonwealth proved by certified copies of the court proceedings had in the same court during the year 1934 that the defendant was found guilty by a jury of unlawfully having in his possession ardent spirits against the peace and dignity of the Commonwealth, and judgment of conviction was entered thereon. Section 50 of the Alcoholic Beverage Control Act, as it was in the year 1934, the time of the commission of the first offense, provided that "If any person, other than a common carrier, shall have, possess, keep, carry, ship or transport alcoholic beverages which are acquired by such person or any person for whom he is acting in violation of the provisions of this act he shall be guilty of a misdemeanor." In the 1934 trial, the defendant had been convicted of unlawful possession of the ardent spirits, which was a finding in effect that he had unlawfully acquired the whiskey so possessed.

Section 61-b of the Alcoholic Beverage Control Act (Michie's Code section 4675 (61b)) provides as follows:

"In any indictment, information or warrant charging any person with having violated any provision of this act it may be alleged, and evidence may thereafter be introduced at the trial of such person to prove, that such person has been previously convicted of a violation or violations of this act."

In *Campbell* v. *Commonwealth*, 176 Va. 564, 11 S. E. (2d) 577, we held that, upon request of the defendant, it was prejudicial error for the trial court to refuse to instruct the jury that evidence of a former conviction could be considered only in connection with the measure of punishment in the event of his conviction. In other words, the prior conviction could not be considered in determining the defendant's guilt or innocence of the crime for which he was being tried.

The defendant here asserts that the statute permitting the introduction of evidence of his former conviction de-

prives him of his constitutional rights because it violates article I, section 10, clause 1, of the Constitution of the United States forbidding any State from passing an *ex post facto* law. The argument is that the act rendering such evidence admissible was passed two years after the commission of defendant's first offense, and the defendant is being punished again for that offense.

 Since the purpose of the admission of the evidence is restricted to the consideration by the jury of the measure of punishment, the question actually presented is whether a statute permitting admission of the evidence for such a purpose alone violates the prohibition against *ex post facto* laws. Many years ago the case of *Rand* v. *Commonwealth*, 9 Gratt. (50 Va.) 738, involved the validity of a Virginia statute imposing a greater punishment for a second or subsequent offense. In discussing the identical question here raised; that is, whether the statute was an *ex post facto* law, the opinion of Judge Daniel had this to say:

"Is it obnoxious to such objection? The first conviction, as has been before stated, was had in 1843, and the second offense is alleged and found to have been committed in 1852; whilst the law under consideration was passed in 1848 and reenacted in 1849. Is the increased punishment prescribed by the statute and to which the prisoner has been sentenced, one which, in legal contemplation, is to be regarded as attached to the first or to the second offence? If to the latter, there is nothing in the statute on which to base the imputation of its being of an *ex post facto* character in its design or operation. The constitution withholds from the legislature the power to convert, by statute, into a crime, an act, which, at the time it was done, offended against no law; or to visit a criminal act even with penalties more severe than those which were attached to it by the law, when it was committed. No constitutional or other obstacle, however, seems to stand in the way of the legislature's passing an act declaring that persons thereafter convicted of certain offences committed after the passage of the act, may, if shown to have committed like offences before,

be subjected to greater punishment than that prescribed for those whose previous course in life does not indicate so great a degree of moral depravity. One convicted under such a statute cannot justly complain that his former transgressions have been brought up in judgment against him. He knew or is presumed to have known, before the commission of the second offence, all the penalties denounced against it; and if in some sense the additional punishment may be said to be a consequence of the first offence, (inasmuch as there could be no sentence for such punishment in the absence of proof of the first conviction,) still it is not a necessary consequence; but one which could only arise on the conviction for the second offence, and one therefore, which being fully apprised of in advance, the offender was left free to brave or avoid."

In *Graham* v. *West Virginia,* 224 U. S. 616, 623, 32 S. Ct. 583, 56 L. Ed. 917, Mr. Justice Hughes (afterwards Chief Justice), cited the above case of *Rand* v. *Commonwealth,* in sustaining the same principle which had been applied by the West Virginia court. His opinion pointed out that such legislation had uniformly been upheld in the various state courts. It also stated that it had been decided by the Supreme Court of the United States not to be repugnant to the Federal Constitution in the cases of *Moore* v. *Missouri,* 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301; *McDonald* v. *Massachusetts,* 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542. The conclusion reached in the *Rand Case* is sustained by abundant authority and we have found none to the contrary. See 25 Am. Jur., Habitual Criminals, sections 5, 7, and 8, and the cases and annotations there referred to.

The defendant also argues that the statute deprives him of due process of law and of the equal protection of the laws guaranteed to him by the Fourteenth Amendment. Neither of these questions was raised in the circuit court and are not properly before us. However, the authorities above cited show they are without merit.

The second assignment of error is to the refusal of the

trial court to give the following instruction requested by the defendant:

"The Court instructs the jury that you cannot convict the defendant in this case even if he sold ABC whiskey to Virginia ABC agents who procured him to sell the whiskey."

The record does not show that the defendant excepted to this action of the court, or that any ground of objection to its refusal was stated. The evidence in the case has been considered by us, however, and we think it insufficient to entitle the defendant to have had the jury so instructed. Therefore, the instruction was properly refused. See *Harris* v. *Commonwealth*, 174 Va. 486, 6 S. E. (2d) 678.

The judgment complained of is affirmed.

*Affirmed.*