**Odie Owen RUFF, Petitioner,**

v.

**John S. GATHRIGHT, Superintendent, Bland Correctional Farm, Respondent.**

**Civ. A. No. 74-C-2-L.**

United States District Court, W. D. Virginia, Lynchburg Division.

March 25, 1974.

---

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner was convicted of two statutory violations in the Circuit Court of Bedford County, Virginia, on December 12, 1972. Specifically, a jury found him guilty of the illegal manufacture of alcoholic beverages (§ 4–57) and possession of firearms where alcoholic beverages were being manufactured (§ 4–83), thereafter sentencing him to six years imprisonment. Pursuant to the federal habeas corpus statute, 28 U.S.C. § 2254, he petitions this court for relief from these allegedly invalid convictions.

Initially, in his *pro se* petition, Mr. Ruff argues that the evidence presented at trial was insufficient to establish a violation of § 4–57 or § 4–83. Reference to his petition for a writ of error to the Supreme Court of Virginia suggests that the essence of this contention, as regards § 4–57, is that the evidence merely established that when arrested he was asleep in a lean-to-shack some 60 to 66 feet from an inoperative still which was barely visible from the shack. Respecting § 4–83, his two chief assertions are that the firearm was not in his possession since it was discovered leaning against a tree three feet from the shack in which he and another individual were present; and that for conviction pursuant to § 4–83, the Commonwealth must establish actual "manufacture," and cannot rely on the legislatively created definition of § 4–57(d).

As recurrently stated, federal review of the sufficiency of the evidence in state criminal proceedings is limited to ascertaining whether there is some evidence to support conviction. Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971); Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). This court's analysis of the entire record establishes that the evidence presented by the Commonwealth was sufficient to prove petitioner's guilt. The Commonwealth's two witnesses, a U. S. Treasury agent and a Virginia ABC Board investigator, both testified there was active mash in the fermenter box. This uncontradicted testimony regarding the presence of mash constituted illegal "manufacture" within the meaning of the Virginia statute.[1] According to the Virginia Supreme Court's interpretation of § 4–57, the petitioner's presence in the shack could establish "prima facie" guilt of manufacturing pursuant to § 4–57(b).[2] Brown v. Commonwealth, 156 Va. 947, 157 S.E. 567 (1931); Langford v. Commonwealth, 154 Va. 879, 153 S.E. 821 (1930); Johnson v. Commonwealth,

1. § 4–57(d) provides:
    The presence of mash at an unlicensed distillery shall constitute manufacture within the meaning of this section.

2. This section provides:
    Every person found at any distillery . . . where alcoholic beverages are being manufactured in violation of the provisions of this chapter shall be deemed prima facie guilty of manufacturing the same . . . .

142 Va. 639, 128 S.E. 456 (1925). In addition, however, the Commonwealth's witnesses testified that the shack appeared "lived-in"; that there were "well-worn" paths connecting the shack with the still and mash box; that there was a "detection device" of green string across the path leading into the shack; and that a lady's blue coat which was observed spread over the mash box on previous occasions when the site was visited was covering petitioner when he was apprehended. The petitioner offered no evidence to refute the Commonwealth's case, but merely moved to strike the evidence.

■■ § 4-83 provides that if any person who unlawfully manufactures alcoholic beverages has "in his possession, actual or constructive, at or within one hundred yards" of the place of manufacture, any firearm he shall be guilty of a felony. Possession need not be exclusive, and if the weapon is in the immediate area and subject to dominion and control there is constructive possession. The evidence of the firearm leaning against the tree, therefore, could justify a conclusion that it was in petitioner's possession. Additionally, the gun was loaded with 22-caliber long rifle hollow point bullets and at the time of arrest the petitioner had in his possession 32 bullets of the same type.

■ Nor does the court find any support for petitioner's argument that actual manufacture must be established to prove a violation of § 4-83. This section provides in part, "If any person shall unlawfully manufacture . . . any alcoholic beverages, *as herein defined*" (emphasis supplied). Absent a contrary interpretation by the Supreme Court of Virginia, it is logical to assume this refers to the entire Act, including the legislatively created definition of "manufacture" contained in § 4-57(d).

The court refrains from deciding the remainder of petitioner's allegations since he has failed to exhaust available state remedies. Nevertheless, the court does note that these contentions seem to be without merit.

His argument pertaining to the prejudicial effect of the prosecutor's disclosure of his prior alcoholic convictions appears foreclosed by § 4-91, which permits introduction in order to enhance punishment should guilt be established by independent evidence. E. g. Simpson v. Commonwealth, 199 Va. 549, 100 S.E. 2d 701 (1957). Likewise, his contention that he was denied due process and equal protection of laws because he received a three year sentence for each count, while his co-defendant was sentenced to six months imprisonment on each count. § 4-91 not only permits such a differential, but in fact encourages it. Habitual offender statutes of this nature have been held not to abridge any constitutional rights of the accused, and their general validity is no longer open to attack. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Wilson v. Slayton, 470 F.2d 986 (4th Cir. 1972); Simpson v. Commonwealth, 199 Va. 549, 100 S.E.2d 701 (1957); Surratt v. Commonwealth, 187 Va. 940, 48 S.E.2d 362 (1948).

The validity of petitioner's final contention cannot be determined from the record. He alleges that his trial was halted to allow a juror to leave because the juror's wife had suffered a heart attack and the trial was completed with only eleven jurors. The court's examination of the trial record fails to disclose any evidence indicating that a juror was dismissed and trial proceeded with only eleven jurors. It would be entirely inappropriate for this court to inquire into the validity of this allegation without first requiring the petitioner to assert his claim in state court.

For the aforementioned reasons, petitioner's application for a writ of habeas corpus is denied and hereby ordered dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent and to counsel of record.