Argued and submitted April 29, reversed and remanded for new trial September 16, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## RUSSELL SHERMAN GILBERT,
*Appellant.*

(86-1051; CA A41770)

742 P2d 713

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for felony driving while revoked under ORS 811.175. During trial, defendant attempted to challenge a prior judgment declaring him an habitual traffic offender (HTO) collaterally on the basis that, in two of three underlying traffic convictions, he was not represented by counsel. He assigns error to the trial court's refusal to allow him to attack the two underlying traffic convictions.

In *State v. Fritz*, 85 Or App 1, 735 P2d 1228, *rev den* 303 Or 700 (1987), and *State v. Hardt*, 83 Or App 221, 730 P2d 1278 (1986), *rev den* 303 Or 74 (1987), we held that a defendant charged with driving while revoked can go behind the HTO proceeding and collaterally attack the underlying convictions on which his HTO status is based. In the present case, unlike *Fritz*, the trial court concluded that defendant had no right to challenge the HTO and did not address the merits of his challenge.

Reversed and remanded for new trial.