## Salem

MICHAEL ANDRA MORSE

v.

COMMONWEALTH OF VIRGINIA

No. 0043-87-3

Decided June 21, 1988

COUNSEL

Andrew W. Slater, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J. — Michael Andra Morse seeks reversal of a judgment adjudicating him an habitual offender pursuant to Code § 46.1-387.1 *et seq.* He contends that the trial court erroneously relied upon a prior conviction when it declared him an habitual offender. Specifically, Morse asserts that the trial court should not have considered a previous conviction because it was not supported by sufficient evidence. We disagree and hold that a defendant may not raise at the adjudication hearing the sufficiency of the evidence to support an underlying conviction.

Under Code § 46.1-387.2 an individual will be declared an habitual offender after committing three of the enumerated motor vehicle violations within ten years. At Morse's adjudication hearing, the Commonwealth submitted records of three prior convictions: (1) On December 19, 1983, Morse was convicted in the Circuit Court of Amherst County for driving with a suspended license; (2) On October 18, 1982, Morse was convicted in the Circuit Court of Amherst County for driving with a suspended license; and (3) On February 9, 1982, Morse was convicted in the General District Court of Pittsylvania County again for driving with a suspended license.

At the hearing, Morse argued that his February 9, 1982 conviction in Pittsylvania County was invalid because his Division of Motor Vehicles (DMV) record did not indicate that his license was actually suspended on the date of the offense. Morse's DMV record did not reveal whether he had received notice of the license suspension. However, other evidence proved that on April 20, 1981, Morse had been convicted of reckless driving in the General District Court of Lynchburg. The conviction's abstract bore the date of June 12, 1981, and a stamp referring to Code § 46.1-423.3. Code § 46.1-423.3 authorizes the revocation of an operator's license for failure to pay a fine. The record also showed that

on April 26, 1982, Morse paid $68 in fines and received a new license.

The trial judge presumed from these facts that on June 2, 1981, Morse's license had been suspended pursuant to Code § 46.1-423.3 because he failed to pay the fines and costs assessed against him in the April 20, 1981 reckless driving charge. The judge then concluded that since the license had been suspended at the time of his February 9, 1982 conviction, the conviction could legitimately support the adjudication as an habitual offender.

On appeal, Morse argues that the trial court incorrectly relied upon the February 9, 1982, conviction. We do not reach the issue whether the trial judge correctly found on the facts that Morse's license had been suspended at the time of the conviction. Instead, we conclude that the sufficiency of the evidence to support the February 9, 1982 conviction cannot be raised at the adjudication hearing.

█ Generally, a judgment in a criminal case may not be attacked collaterally. *Eagle, Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 100, 140 S.E. 314, 319 (1927). However, a party may assail a void judgment at any time, by either direct or collateral assault. *Beck v. Semones' Adm'r.*, 145 Va. 429, 441, 134 S.E. 677, 680 (1926). For example, in *Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981), the court reversed a conviction for driving after having been adjudged an habitual offender because no jurisdiction had attached during the defendant's prior habitual offender hearing.

█ In *McClure v. Commonwealth*, 222 Va. 690, 283 S.E.2d 224 (1981), the court considered a collateral attack on an habitual offender's underlying convictions. The defendant claimed that, because the underlying convictions were uncounseled misdemeanors, the Commonwealth could not lawfully classify him an habitual offender. The court reaffirmed its decision in *Whorley v. Commonwealth*, 215 Va. 740, 214 S.E.2d 447, *cert. denied*, 423 U.S. 946 (1975), that uncounseled misdemeanor convictions could serve as valid predicate offenses in habitual offender proceedings. It distinguished an action involving civil disabilities from one involving loss of liberty and imprisonment. The *Slaughter* court, in commenting upon the *Whorley* decision, noted that it had held that a nonjurisdictional defect in an underlying conviction did not render

an habitual offender adjudication void. *Slaughter*, 222 Va. at 793, 284 S.E.2d at 827. Thus, in Virginia, a conviction underlying an habitual offender adjudication may only be attacked by asserting a jurisdictional defect.

Several states have permitted defendants to contest their status as habitual offenders by asserting that their underlying convictions were tainted by either an invalid guilty plea or the absence of counsel.[1] However, we have found few instances in which a defendant has successfully challenged the sufficiency of the evidence of an underlying conviction.[2]

We find no sound reason for allowing the defendant to challenge the sufficiency of the evidence to support his underlying conviction. If such a practice were authorized, the adjudication hearing would inevitably become a forum for relitigating each of the three prior final judgments. In the analogous circumstance of enhanced penalties for recidivists, states have prohibited defendants from challenging the sufficiency of the evidence of the underlying convictions. *See Aldridge v. State*, 732 S.W.2d 395 (Tex. Crim. App. 1987) (defendant could not attack underlying conviction by pointing out that record of conviction showed date of information was March 16, 1984, while plea of guilty was March 4, 1984; the argument constituted a prohibited collateral attack on the sufficiency of the evidence); *State v. Hamblin*, 223 Neb. 469, 390 N.W.2d 533 (1986) (state need only show for enhancement purposes that defendant was represented at previous conviction; other

---

[1] *State v. Gilbert*, 87 Or. App. 484, 742 P.2d 713 (1987) (during trial for driving while having been adjudged an habitual offender, the defendant may collaterally attack those underlying convictions where he was not represented by counsel); *People v. Lesh*, 668 P.2d 1362 (Colo. 1983) (defendant may during his habitual offender hearing attack underlying convictions on the ground that his guilty plea was invalid); *State v. Ponce*, 93 Wash.2d 553, 611 P.2d 407 (1980) (during habitual offender proceeding, defendant may attack underlying conviction on grounds that he was not represented by counsel); *but see Clark v. Secretary of State*, 483 A.2d 708 (Me. 1984) (motorist not entitled to hearing to determine validity of prior uncounseled motor vehicle convictions prior to being declared an habitual offender by Secretary of State); *Love v. Hardison*, 166 Ga. App. 677, 305 S.E.2d 420 (1983) (defendant could not at habitual offender proceeding argue that a prior DUI conviction was invalid on grounds that he had forfeited bond without the advice of counsel).

[2] *See State v. Fritz*, 85 Or. App. 1, 735 P.2d 1228 (1987) (holding that the defendant had failed to prove the invalidity of her foundation convictions for driving with a suspended license because she could not show that she had not received notice of the suspension).

objections present impermissible collateral attacks). Therefore, we conclude that a defendant at his habitual offender adjudication may not raise questions pertaining to the sufficiency of the evidence of his prior convictions.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.