## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Melvin Douglas Smith

Case Nos. F-95-1529 and F-95-1530

BY JUDGE WALTER W. STOUT, III

October 18, 1995

Defendant is before the Court on a Motion in Limine argued by counsel and taken under advisement by the Court. The Motion in Limine asks the Court to prevent the use of the defendant's prior juvenile record in this trial. The prosecution has stipulated it will not be used in the guilt phase of the trial for impeachment but has notified the defense of their intent to offer the juvenile convictions in the penalty phase. The defendant contends that his pleas of not innocent were not voluntarily given under *Boykin v. Alabama*, 395 U.S. 238 (1969).

Defendant admits that he had the assistance of counsel at the time of his pleas. Further, Defendant admits that his counsel properly informed him of the law at that time, but subsequently, Va. Code § 19.2-295.1 changed the law on the use of juvenile convictions.

It is well established in Virginia that where a defendant was represented by counsel a criminal conviction cannot be attacked collaterally. The need for finality of judgments dictates that collateral attacks not be allowed. *See, e.g., Morse v. Commonwealth*, 6 Va. App. 468-69 (1988), *Eagle Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 100-02 (1927). Furthermore, a recital in a court order "is an absolute verity, and it is not subject to collateral attack." *Kibert v. Commonwealth*, 216 Va. 660, 662

(1976). Therefore, it is improper for the defendant to attack those convictions in this proceeding.

Counsel's next point of contention deals with the conflict between § 16.1-308 and § 19.2-295.1.

There is clearly an irreconcilable conflict between § 16.1-308 and § 19.2-295.1. When this situation arises, the rules of statutory construction dictate that the act which was enacted later in time be given precedence. Sutherland, *Statutory Construction*, 5th ed., § 23.09, pp. 337-38. The Virginia Supreme Court recognized this rule of statutory construction in *Mandell v. Haddon*, 202 Va. 979 (1961). In *Mandell*, the court noted that it is one of the most basic "rules of statutory construction that a later act which is inconsistent with an earlier act, so that the two cannot be reconciled, repeals the earlier act. Such rule would apply whether the act contains words of repeal or not." *Id.* at 985-86.

As § 19.2-295.1 was enacted after § 16.1-308, § 19.2-295.1 is controlling.

The defendant also argues that since § 19.2-295.1 was enacted after his juvenile convictions, the operation of § 19.2-295.1 in the present case constitutes an unconstitutional ex post facto law.

The Virginia Supreme Court was faced with a nearly identical question in *Surratt v. Commonwealth*, 187 Va. 940 (1948). In *Surratt*, the defendant argued that because the statute permitting the jury to hear, for sentencing purposes, evidence of a prior conviction was enacted two years *after* that conviction, it would be unconstitutional to inform the jury of the prior conviction. *Id.* at 943. The Court found that the challenged statute did not constitute an *ex post facto law. Id.* at 943-44; *See also, Rand v. Commonwealth*, 50 Va. (9 Gratt.) 738 (1852). As the issues here are nearly identical to those in *Surratt*, the Court finds that the operation of § 19.2-295.1 does not constitute an *ex post facto* law.

Although the Virginia Supreme Court's decision in *Surratt* is sufficient to support the Court's decision today, it is important to note that the change effectuated by § 19.2-295.1 is essentially procedural. A judge, in his sentencing role, has been allowed to consider a defendant's prior juvenile history. *See, e.g. Thomas v. Commonwealth*, 19 Va. App. 656 (1994). All § 19.2-295.1 does is give the same information to the jury as well.

Based upon the foregoing the Court will deny Defendant's Motion in Limine and note Defendant's exception.

October 27, 1995

On October 23, 1995, the Commonwealth filed a motion for the issuance of a subpoena duces tecum. The affidavit alleges that the Defendant, Melvin Smith, in a letter to Rick Conway, an Assistant Commonwealth's Attorney in Prince William County, admitted his involvement in the shooting for which he is presently charged. Mr. Conway, after telling a Richmond Assistant Commonwealth's Attorney about the letter, forwarded the original to Mr. Baugh, Melvin Smith's defense counsel. Mr. Conway did not keep a copy. The Commonwealth now seeks, by subpoena, the original letter held by Mr. Baugh.

The defense opposes the issuance of the subpoena on Fifth Amendment grounds, alleging that the act of producing the letter would compel the defendant to admit that the letter exists, that it is in his possession, and that it is authentic. These actions, if under compulsion, would violate the Defendant's Fifth Amendment rights.

In *Fischer v. United States*, 425 U.S. 391, 397 (1976), the Court noted:

> The . . . privilege under this Amendment is not violated by enforcement of the summonses involved in these cases because enforcement against a . . . lawyer would not compel [a defendant] to do anything and certainly would not compel him to be a "witness" against himself. The Court has held repeatedly that the Fifth Amendment is limited to prohibiting the use of physical or moral compulsion executed on the person assuming the privilege.

In *United States v. Doe*, 465 U.S. 605, 610 (1984), the Court citing *Fischer* held that the "Fifth Amendment only protects the person asserting the privilege only from *compelled* self-incrimination. Where the preparation of business records is voluntary, no compulsion is present."

It is clear under the facts of the present case that the letter was created and published by the Defendant voluntarily. There was no legal compulsion in its creation or publication. It is also clear from *Fischer* that the Fifth Amendment is a wholly personal right. Because it is personal, there is no compulsion of the Defendant from a request to his attorney for the document. It would be an untenable result if defendants could turn over evidence to their attorneys to prevent it from being used as evidence.

The Defendant here relies on *Doe*, which states that the very act of production is protected. In *Doe*, the government requested a number of groups of documents through five different subpoenas. They had in effect

issued a blanket request for business records. 465 U.S. at 606-07. The Court did not allow the production of the documents because of findings of fact by the District Court. *Id.* at 608. The Court held that "the [lower] court found that the act of production would compel respondent to 'admit that the records exist, that they are in his possession, and they are authentic.' *Id.* (Citation omitted). While not ruling out the possibility that the government could devise a way to ensure that the act of turning over the documents would not incriminate respondent, the Court held the government had not made such a showing." *Id.* at 614, footnote 13. In *Doe*, the government was searching for incriminating evidence with a general request for a large number of documents. To use the documents at trial, the government would have had to prove their authenticity. This could only be done through the testimony of the defendant. In the instant case, the government seeks a specific document of which they have knowledge and which has been published to a third party. The production of the document alone does not allow its introduction at trial. The government is still required to lay a proper foundation for its admission into evidence. In the present case, because of the voluntary act of publication by the Defendant, there is an ability to lay the proper foundation without requiring the Defendant to do any act that will be incriminating. The foundation required for use at trial can be provided without reference to the production by Defendant's counsel.

Defendant's second claim that counsel is a party is without merit. Although counsel represents the party, he is not a party for purposes of Rule 3A:12(b).

Based upon the foregoing, the Defendant's counsel is ordered to provide to the Commonwealth the letter written by the Defendant to Rick Conway by 9:00 o'clock a.m. on October 31, 1995, at the Richmond Circuit Court.