# CIRCUIT COURT OF RAPPAHANNOCK COUNTY

Commonwealth of Virginia

v.

Otis W. Jordan

## Case No. CR95L-24

November 20, 1995

By Judge William Shore Robertson

On November 13, 1995, the Court heard argument on whether the defendant in this habitual offender proceeding may collaterally attack an underlying predicate conviction he received in the General District Court of Prince William County on April 21, 1987, of driving while intoxicated. The defendant argues that the ordinance under which that conviction was rendered was unlawfully enacted. After considering the argument of counsel, the Court will grant the defendant leave to present evidence and argument as to whether the Prince William County ordinance was valid.

Generally, a judgment in a criminal case may not be attacked collaterally unless the conviction was based upon a void judgment. *Morse v. Commonwealth*, 6 Va. App. 466 (1988). Thus, a defendant may not collaterally raise questions as to the sufficiency of the evidence supporting his prior conviction. *Id.* Further, he may not collaterally raise the issue that his underlying conviction was uncounseled, nor can he raise an issue that a *guardian ad litem* should have been appointed for him. *McClure v. Commonwealth*, 222 Va. 690 (1981), and *Scott v. Commonwealth* (Court of Appeals, unpublished, 1994). However, he may assert a jurisdictional defect. *Morse, supra.*

Jurisdiction is the power of the Court to hear and determine a cause. 11 M.J. *Jurisdiction*, § 2. For the defendant to be declared a habitual offender, he must be convicted under a valid city ordinance. Va. Code § 46.2-351.

The Court must in determining its jurisdiction inquire into this issue even though collaterally raised here. *Myers v. Commonwealth* (Court of Appeals, unpublished, 1992).

The Clerk is requested to prepare an order according to this letter setting this matter for further hearing.

BY JUDGE CARLETON PENN

### May 20, 1996

This matter is before the Court on the Defendant's Motion to Dismiss the habitual offender proceedings against the defendant, Otis W. Jordan, by the Commonwealth.

On July 5, 1995, Rappahannock County's Attorney for the Commonwealth filed an Information Under and By Virtue of the Virginia Habitual Offender Act against the defendant, Otis W. Jordan. In the information, the Commonwealth prayed that the Defendant be summoned to show cause why he should not be declared an habitual offender and not be prohibited. A Show Cause Order was entered July 10, 1995, and served on the Defendant on July 12, 1995, in person.

The Commonwealth filed three transcripts or abstracts of Mr. Jordan's driving conviction record, certified by the Commissioner of the Department of Motor Vehicles or his designee. The filings show convictions which bring the defendant within the definition of a "habitual offender" as defined in § 46.2-351 of the Code of Virginia. In particular, the records indicate Mr. Jordan's convictions to be the following: Driving While Intoxicated, 2nd, in the General District Court of Prince William County on April 21, 1987; Driving While Intoxicated, 2nd, in the General District Court of Rappahannock County on February 21, 1995; and Driving While Intoxicated, 3rd or Subsequent, in the General District Court of Rappahannock County on May 16, 1995.

The defendant seeks a dismissal of the habitual offender proceeding, claiming that his conviction on April 21, 1987, in Prince William County was based on an invalid ordinance.

A hearing on the motion to dismiss was heard on November 13, 1995. Judge William Shore Robertson heard argument on the issue of whether the Defendant in this habitual offender proceeding may collaterally attack an underlying predicate conviction. The defendant argued that the ordinance on which the conviction was based was unlawfully enacted. Judge Robertson, in a letter opinion of November 20, 1995, granted the defen-

dant leave to present evidence and argument as to whether the Prince William ordinance was valid.

This judge received evidence and heard argument of both sides on the motion. For the reasons hereinafter stated, the Court finds that the ordinance is invalid and grants the motion to dismiss the Rule to Show Cause.

On January 30, 1987, the defendant was arrested in the City of Manassas Park for violating § 24-35 of the Code of The City of Manassas Park. The charge was "driv[ing] or operat[ing] any motor vehicle while under the influence of alcohol; such operation being within less than five years of a previous conviction under § 18.2-266; to wit third offense — DWI." On April 21, 1987, the defendant was convicted on an amended charge of Driving While Intoxicated, 2nd Offense, one of the three convictions upon which the § 46.2-351 habitual offender proceeding is predicated.

By action of the City Council of the City of Manassas Park on June 17, 1986, § 24-35 had been amended to incorporate by reference provisions of the Code of Virginia. Ordinance 86-1700-340 adopted into the City Code the provisions of Article 2 (§§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 of the Code of Virginia as amended and reenacted by the 1986 General Assembly and became effective July 1, 1986. These sections of the criminal code pertain to driving under the influence of alcohol and drugs.

Mr. Jordan contends that Ordinance 86-1700-340 was enacted invalidly and that his conviction pursuant to that ordinance is also therefore invalid. Attacking the validity of the ordinance in this action, a habitual offender proceeding, amounts to a collateral attack on the criminal conviction in that the defendant does not request a review or reversal of the past conviction but seeks to avoid the effects thereof through a dismissal of the current action against him by the Commonwealth for adjudication as an habitual offender. Collateral attacks are not universally permissible in Virginia cases. Before the Court addresses the merits of the Defendant's arguments, it must determine whether the use of this method is appropriate in this case.

In Virginia, the general rule is that judgments in criminal cases may not be collaterally attacked unless the conviction was based upon a void judgment. *Morse v. Commonwealth*, 6 Va. App. 466 (1988). The Court of Appeals, in *Morse*, examined previous decisions of the Supreme Court of Virginia in crafting its holding. In *Eagle Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 100, 140 S.E. 314, 319 (1927), the Supreme Court's ruling was that, generally, a judgment in a criminal case may not be attacked collaterally. That tribunal, however, had earlier held that a

party may assail a void judgment at any time, by either direct or collateral assault. *Beck v. Semones' Adm'r*, 145 Va. 429, 441, 134 S.E. 677, 680 (1926). A more recent case provided a specific example. In *Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824 (1981), the Supreme Court reversed a conviction for driving after having been adjudged an habitual offender because no jurisdiction had attached during the defendant's prior habitual offender hearing. In the part of the holding specifically pertinent to the issue in the instant case, the Court of Appeals held that "[i]n Virginia, a conviction underlying an habitual offender adjudication may only be attacked by asserting a jurisdictional defect." *Morse* at 469.

The propriety of the defendant's pursuit of the collateral attack on the ordinance clearly rests on whether or not he is questioning the jurisdiction of the Court to have heard the underlying criminal case. The Court is of the opinion that in this case, such an assault is proper. The defendant is claiming that the ordinance was improperly enacted and is therefore void. This is certainly an assertion of a jurisdictional defect, as no Court would have the power to hear and determine a cause based on void legislation.

Mr. Jordan argues that the Manassas Park City Council did not pass the ordinance in accordance with the provisions of Article VII, § 7, of the Virginia Constitution. This provision directs that "[o]n final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded," i.e., a roll-call vote.

In a certified copy of the summary of votes from the June 17, 1986, City of Manassas Park City Council meeting, filed with the Court, the following notations appear in reference to the consideration of the ordinance in question:

16. Ordinance: 86-1700-340 Amend chapter 24 of Code of Manassas Park Entitled "Traffic Code":

MOTION: Councilmember Embrey moved to approve the following Ordinance: An ordinance to amend Chapter 24 of the Code of the City of Manassas Park entitled "Traffic Code" to incorporate by reference Article 2, Chapter 7, of Title 18.2 of the Code of Virginia, as amended.

SECOND: Councilmember Wren.

VOTE ROLL CALL: Unanimously passed Councilmember Bello absent.

It is evident that the name of each member voting and how he (or she) voted is not recorded. It is also evident that through knowledge of the names of the members and some simple logic, this information could be deduced. This leaves two issues: (1) was Article VII, § 7, of the Constitution of Virginia followed?; and (2) if it was not followed, is the ordinance void?

These issues have not been directly addressed by the Supreme Court of Virginia. The Court, however, does have as guidance on the matter a case from the Circuit Court of Fairfax County. In a letter opinion of August 9, 1995, Judge Arthur B. Vieregg, Jr., ruled that Fairfax County Ordinance 82-1-6, which incorporated certain driving offenses, among them Virginia Code § 18.2-266 et seq., into the Fairfax County Code, was not enacted in accordance with Article VII, § 7, of the Constitution of Virginia. *Commonwealth v. Adams*, At Law No. 137387, Circuit Court of Fairfax County (August 9, 1955); *Commonwealth v. Collins*, At Law No. 139170, Circuit Court of Fairfax County (August 9, 1995). Judge Vieregg declared the ordinance void and ruled that, therefore, the defendants may not be adjudicated habitual offenders under Virginia Code § 46.2-351.

In these companion cases, the record of the vote of the Fairfax County Board of Supervisors is strikingly similar to the record of the vote on the ordinance under scrutiny in the instant case. The pertinent part of that record, as written in the letter opinion, is as follows:

> Following a public hearing, Supervisor McConnell moved adoption of the proposed amendments to the Code of the County of Fairfax, Chapter 82 (Motor Vehicles and Traffic) to ensure that the provisions of § 82-1-6, Adoption of State Law, are updated in accordance with new state legislation to become effective July 1, 1994. This motion was seconded by Supervisor Trapnell and carried by a vote of seven, Supervisor Alexander, Supervisor Berger, and Supervisor Dix being out of the room.

Judge Vieregg concluded that "since the record of the Ordinance's passage is silent as to whether a roll call vote was taken and since the votes of the individual Supervisors were not separately recorded, it is evident that in enacting the Ordinance, the Fairfax County Board of Supervisors failed to follow the recorded vote requirement of Article VII, § 7."

The Court concludes that in this case, as well, the mandate of Article VII, § 7, was not obeyed. The Court believes that the purpose of requiring a roll-call vote is so that the names of the elected officials and their accompanying vote are there to be seen by any interested party who wishes to be educated on the votes of the local legislature, a most public forum. In this case, such information could not be culled from an examination of the record of the votes. The names are not printed. The Court is not persuaded by an argument that the unanimous vote obviates the need for listing who voted affirmatively and who voted negatively on any given vote. From a numerical standpoint, this suffices to figure out the result of the vote but without external information, e.g., the names of the sitting council members, the purpose of the provision is not met. Local governments in the Commonwealth are limited in their powers in Article VII of the Constitution of Virginia. When a local government exercises its limited power, this Court does not believe that anything less than strict compliance with procedural requirements suffices.

As a consequence of the prior rulings set out in this letter opinion, the Court finds that Ordinance 86-1700-340 of the City of Manassas Park is void. The Court agrees with Judge Vieregg's logic that the holdings in *Town of Danville v. Shelton*, 76 Va. 325 (1882), and *Lambert v. Smith*, 98 Va. 268, 38 S.E. 938 (1900), dictate this result. In *Danville*, the Court ruled that laws enacted by municipalities in violation of mandated procedures are nullities. According to the ruling in *Lambert*, laws enacted by the General Assembly in violation of constitutional mandates are void. Actions by local governments, being held to stricter standards, are certainly subject to this rule as well.

Virginia Code § 46.2-351 requires that a defendant be convicted under a valid city ordinance in order to be declared an habitual offender. Therefore, the action for adjudication as an habitual offender against the defendant in this case cannot be maintained based on the three convictions enumerated in the DMV transcript attached to the information served on the defendant. That action is hereby dismissed.