## Richmond

Dennis Earl Calfee v. Commonwealth of Virginia.

October 14, 1974.

Record No. 730975.

Present, I'Anson, C. J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*James W. Haskins (John L. Gregory, III; Young, Kiser & Haskins*, on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Dennis Earl Calfee, defendant, was charged in a warrant with driving an automobile while under the influence of intoxicants. The warrant also alleged that the defendant had been previously convicted of a similar offense. He was tried to a jury, found guilty, and sentenced on the jury's verdict to confinement in jail for one month and fined $200. He is here on a writ of error to the judgment.

The evidence shows that at approximately 1:40 a.m., on April 1, 1973, a deputy sheriff of Henry County noticed an automobile driven by the defendant weaving from one side of the road to the other, and he directed the defendant to pull over and stop. The deputy sheriff testified that the defendant had a strong odor of

alcohol on his breath, his eyes were red, and he was unsteady on his feet. He immediately arrested the defendant and took him to the sheriff's office where he consented to take a breathalyzer test. The test was administered by State Trooper F. M. Reynolds.

A certificate of defendant's breath alcohol analysis on a State Health Department form, duly attested by Reynolds, was introduced into evidence. In accordance with the requirements of Code § 18.1-55.1(r1), the certificate set forth, *inter alia,* that Reynolds was licensed by the State Health Department to conduct the test; that the test was conducted on Smith & Wesson Breathalyzer equipment in accordance with the manufacturer's specifications; that the equipment had been tested within the past six months; and that the test showed defendant's blood alcohol content to be "0.12% by weight by volume."

Trooper Reynolds testified that he had had 45 hours of training for conducting the test on Smith & Wesson Breathalyzer equipment, and he was told during his training that the equipment had been approved by the State Health Commissioner. He said that the equipment he used to test the alcoholic content of the defendant's blood was received by the Sheriff's Department of Henry County from the State Health Department. He also said that the Smith & Wesson Breathalyzer equipment which he used was the same make and model used by him during his training period and that he had been licensed by the Commissioner to conduct the test.

Defendant stipulated that he had been convicted of driving under the influence of intoxicants in March 1971 in the City of Martinsville, and evidence of this prior conviction was admitted into evidence over his objection.

Defendant first says it was error to tell the jury that he had been previously convicted of a similar offense before they determined his guilt or innocence of the alleged offense of April 1, 1973, for which he was then being tried.

Code § 18.1-58, as amended (1973 Cum. Supp.), provides for a heavier penalty for conviction of a second or subsequent offense within a period of ten years after a conviction of a similar offense of operating a motor vehicle while under the influence of intoxicants. The purposes of an allegation in a warrant or indictment that an accused has been previously convicted of a

similar offense are to put him on notice that proof of his prior conviction will be introduced in evidence, and to permit the imposition of a heavier punishment if the second or subsequent offense is proved. For the heavier punishment to be imposed by the jury or the court trying the case without a jury, "the prior offense must be charged and proven." *Commonwealth* v. *Ellett*, 174 Va. 403, 409, 413, 4 S.E.2d 762, 764, 766 (1939). *See also Keeney* v. *Commonwealth*, 147 Va. 678, 684-85, 137 S.E. 478, 480-81 (1927). We have held, however, that a previous conviction of a similar offense is admissible when the jury is told that such evidence is admitted only for the purpose of fixing the quantum of punishment if the accused is found guilty, and is not to be considered by them as evidence of guilt in the second or subsequent offense for which he is on trial. *Simpson* v. *Commonwealth*, 199 Va. 549, 554, 100 S.E.2d 701, 705 (1957); *Crowe* v. *Commonwealth*, 193 Va. 752, 756, 71 S.E.2d 77, 80 (1952); *Surratt* v. *Commonwealth*, 187 Va. 940, 943, 48 S.E.2d 362, 364 (1948).

In the present case the trial court instructed the jury that, although the defendant had been previously convicted of a similar offense, they should not consider this in determining his guilt or innocence of the charge they were then trying. They were further instructed that, in the event they found the defendant guilty as charged in the warrant, they could consider the prior conviction in determining the quantum of his punishment. Hence, the trial court did not err in admitting evidence of defendant's prior conviction.

■ There is no merit in defendant's other contention, that the trial court erred in admitting into evidence the certificate of his breath alcohol analysis because the Commonwealth failed to show that the type of equipment and the methods used by the trooper in conducting the breathalyzer test were those approved by the State Health Commissioner. The Commonwealth introduced into evidence the certificate on a State Health Department form showing the results of the test and the other pertinent information required by Code § 18.1-55.1(r1) for its admission. The facts shown on the certificate raised a reasonable inference that the test was conducted on the type of equipment and in accordance with the methods approved by the State Health Commissioner. Moreover, the Commonwealth went a step further, which it was not required to do because the facts

set forth in the certificate were undisputed, in presenting the testimony of the operator of the equipment. His testimony shows that the type of equipment used and the methods employed by him were those approved by the State Health Commissioner. Defendant presented no evidence of noncompliance. *Stroupe* v. *Commonwealth*, 215 Va. 243, 207 S.E.2d 894 (1974), is controlling here.

For the reasons stated, the judgment of the court below is

*Affirmed.*