Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Whiting, Senior Justice

NORMAN EDWARD GRISWOLD

                                              OPINION BY
v. Record No. 951794         SENIOR JUSTICE HENRY H. WHITING
                                              JUNE 7, 1996
COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA


     This is an appeal of a conviction for operating a vehicle
under the influence of intoxicants (DUI), as a second conviction
within 5 to 10 years of a first DUI conviction.  The primary
issue involves the introduction into evidence of two prior DUI
convictions in which the defendant was unrepresented by counsel.

     In June 1983, Norman Edward Griswold was convicted of a DUI
offense and sentenced to 30 days in jail, the entirety of the
sentence being suspended.  Griswold was again convicted of a DUI
offense in January 1985.  Because his 1985 DUI conviction was
within 5 years of his first DUI conviction, Griswold was required
to serve 48 hours of the 180-day jail sentence imposed for the
1985 conviction.  Code § 18.2-270.

     In August 1992, Griswold was indicted for the present DUI
offense.  His trial in the Circuit Court of the City of Richmond
was in two phases as provided in Code § 46.2-943.  In the first
phase, the jury found Griswold guilty of DUI, "as charged."[1]  In
the second phase, after considering Griswold's traffic record,

---

[1]The indictment upon which Griswold was tried charged him
with DUI after "having been previously convicted of a like
offense on June 15, 1983."

the jury imposed the maximum sentence of 12 months in jail and a $2,500 fine, upon which the trial court entered judgment. Code § 18.2-270.

In both the guilt and sentencing phases of the trial, Griswold objected to the admission into evidence of his prior DUI convictions. Griswold contended that he had not been represented by counsel in the two prior DUI proceedings and that he had not waived his right to counsel. And Griswold concluded that because these convictions either resulted in his imprisonment or an impermissible threat to his liberty, both were violations of his constitutionally guaranteed right to counsel.

Although concluding that the 1983 conviction was uncounseled and, thus, inadmissable during the guilt phase, the trial court agreed with the Commonwealth that Griswold was represented by counsel in the 1985 proceeding and admitted evidence of that conviction in both stages of his trial. Following the jury's verdict of guilty, the trial court also admitted evidence of Griswold's uncounseled 1983 conviction during the sentencing phase since it was a part of Griswold's traffic record. Code § 46.2-943.

On appeal, the Court of Appeals en banc concluded that Griswold was not represented by counsel in the 1985 proceeding, but held that both the 1985 and 1983 convictions were properly admitted into evidence. Accordingly, the judgment of the trial court was affirmed. <u>Griswold v. Commonwealth</u>, 21 Va. App. 22,

461 S.E.2d 411 (1995). We awarded Griswold an appeal.

An uncounseled misdemeanor conviction resulting in a jail or prison sentence is a violation of a defendant's rights under the Sixth and Fourteenth Amendments of the United States Constitution. Argersinger v. Hamlin, 407 U.S. 25, 37 (1972); Nichols v. United States, ___ U.S. ___, 114 S.Ct. 1921, 1927 (1994); Scott v. Illinois, 440 U.S. 367, 373-74 (1979). We conclude that the record establishes that Griswold was unrepresented in both the 1983 and 1985 proceedings.

Consequently, and contrary to the ruling of the Court of Appeals, we hold that the 1985 conviction is constitutionally infirm because of the two days in which Griswold was actually imprisoned. Therefore, this conviction cannot be used either to support guilt or to enhance punishment for a subsequent criminal violation. See Burgett v. Texas, 389 U.S. 109, 114-15 (1967)(uncounseled felony conviction cannot be used to support guilt or enhance punishment in subsequent criminal trial). Further, to convict a defendant of a second DUI offense within 5 to 10 years of a prior DUI conviction, "the prior offense must be charged and proven." Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974) (quoting Commonwealth v. Ellett, 174 Va. 403, 409, 413, 4 S.E.2d 762, 764, 766 (1939)). Accordingly, we conclude that the trial court erred in instructing the jury that it could convict Griswold of a second DUI offense within 5

to 10 years of a first DUI conviction.[2]  We will remand the case to the Court of Appeals with instructions directing that court to remand the case to the trial court for a new trial.

We will address the use of the two prior DUI convictions in the sentencing hearing as a part of Griswold's "record of prior convictions of traffic offenses," Code § 46.2-943, since the issue will probably arise if Griswold is convicted in a new trial.  Consistent with our ruling that the 1985 conviction was unconstitutional and cannot be used either to establish guilt or enhance punishment for the subsequent DUI conviction, we reject the Commonwealth's contention that it could be considered as a part of Griswold's record of prior convictions of traffic offenses.

---

[2]The Commonwealth claims that even if the 1985 conviction was inadmissible to establish Griswold's first DUI conviction, the 1983 conviction was admissible for that purpose.  However, after the trial court had ruled that Griswold was unrepresented in the 1983 proceedings, the Commonwealth struck its reference to the 1983 conviction from the indictment as one of the prior DUI convictions.  Thus, the 1983 conviction was neither charged in the indictment nor proven in the guilt phase of the case.  Accordingly, we conclude that the 1983 conviction cannot be used to establish the necessary prior DUI conviction.  Calfee, 215 Va. at 255, 208 S.E.2d at 741.

Regarding the 1983 conviction, Griswold argues that his 30-day suspended sentence suffers from the same constitutional infirmity as his two-day jail sentence because "[w]hen someone receives a sentence, whether it is suspended or immediately served, his liberty is severely curtailed" in violation of the principles articulated in Scott.  According to Griswold, suspended sentences are "imposed" jail or prison sentences within the Scott rationale.  We do not agree.

Neither party cites, and we are unable to find, any case in which the United States Supreme Court has decided this issue.  However, in Nichols, the Supreme Court decided that an uncounseled misdemeanor conviction resulting only in a fine could be used to enhance the punishment for a subsequent conviction.  There, we think the Supreme Court made it plain, if it had not done so already, that there is no constitutional right to counsel in a misdemeanor case unless the conviction results in an "actual imprisonment."  Nichols, ___ U.S. at ___, 114 S.Ct. at 1925-26 (citing Scott, 440 U.S. at 373, and Argersinger, supra).

And many federal courts that have considered the issue of an uncounseled misdemeanor conviction with a suspended sentence have not invalidated the misdemeanor conviction itself.  See United States v. Reilley, 948 F.2d 648, 654 (10th Cir. 1991); United States v. Foster, 904 F.2d 20, 21-22 (9th Cir. 1990); United States v. Sultani, 704 F.2d 132, 133-34 (4th Cir. 1983); United States v. White, 529 F.2d 1390, 1394 (8th Cir. 1976); Cottle v.

<u>Wainwright</u>, 477 F.2d 269, 275 (5th Cir.), <u>vacated on other grounds</u>, 414 U.S. 895 (1973); <u>United States v. Nash</u>, 703 F. Supp. 507, 510 (W.D.La.), <u>aff'd</u>, 886 F.2d 1312 (5th Cir. 1989).

Since Griswold was never actually imprisoned as a result of his 1983 conviction, that conviction was not constitutionally invalid.  Hence, we conclude that if he is convicted in a new trial, the 1983 conviction may be considered as a part of Griswold's traffic record in the sentencing hearing.

In summary, we will reverse Griswold's conviction and sentence and remand the case to the Court of Appeals with directions to remand the case to the trial court for a new trial in conformity with the views expressed herein.

<u>Reversed and remanded</u>.