Present:  All the Justices

JOHN REX PHIPPS

v.  Record No. 030800     OPINION BY JUSTICE ELIZABETH B. LACY
                                    March 5, 2004
CECILA RENE LIDDLE

FROM THE CIRCUIT COURT OF CARROLL COUNTY
Duane E. Mink, Judge

In this appeal we consider the applicable limitations period for refiling a previously non-suited action when the order granting the non-suit was appealed to, and affirmed by, this Court.

FACTS

John Rex Phipps filed a personal injury action against Cecila Rene Liddle on May 2, 2000.  By order entered December 15, 2000, the circuit court granted Phipps a voluntary non-suit.  Liddle appealed the December 15, 2000 non-suit order to this Court.  On March 1, 2002, this Court issued its mandate affirming the trial court's December 15, 2000 order granting the non-suit.  The mandate was entered by the trial court on March 22, 2002 pursuant to Code § 8.01-685.

Phipps re-filed his personal injury action against Liddle on August 15, 2002.  Liddle filed a special plea asserting that Phipps' motion for judgment was untimely.  Following briefing and argument of counsel, the trial court sustained Liddle's plea and dismissed Phipps' motion for judgment

holding that Code § 8.01-229(E)(3) required Phipps to re-file his non-suited action within six months of the December 15, 2000 order of non-suit. We awarded Phipps an appeal.

DISCUSSION

Code § 8.01-229(E)(3) provides in pertinent part:

> If a plaintiff suffers a voluntary nonsuit . . . the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court. . . .

(Emphasis added).

Liddle argues that the only order by which Phipps suffered a non-suit was the December 2000 order, in which the trial court dismissed his action without prejudice. Thus, Liddle concludes, without a specific statutory provision tolling the limitations period, Phipps had to re-file his non-suited action within six months of the December 2000 order.

Relying on Code § 8.01-685, Phipps responds that the phrase at issue "the order entered by the court," refers to the March 22, 2002 order entering the mandate of this Court affirming the December 2000 order of non-suit. Code § 8.01-685 states in relevant part that the court "from which any case may have come to an appellate court shall enter the decision of the appellate court as its own." Thus, Phipps maintains, the trial court's March 22, 2002 order entering the

2

decision of this Court "as its own" is the order identified in Code § 8.01-229(E)(3) as the order from which the six-month refiling period commences.

We resolve the conflict in this case by applying a well-established principle of statutory construction. If possible, we must harmonize apparently conflicting statutes to give effect to both. Lake Monticello Owner's Assoc. v. Lake, 250 Va. 565, 570, 463 S.E.2d 652, 655 (1995); Albemarle County v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975). If the language at issue in Code § 8.01-229(E)(3) refers to the trial court's December 2000 order of non-suit, as Liddle contends, it conflicts with Code § 8.01-685, which by its terms required the trial court to enter the mandate of this Court affirming the order of non-suit "as its own" order.

This conflict can be avoided by construing the "order entered by the court" in Code § 8.01-229(E)(3) as the order entered "as its own" by the trial court on March 22, 2002. This construction harmonizes these statutes and gives each meaning. It also reflects the fact that, although Phipps was granted a non-suit by the December 2000 order, that order was subject to change because of Liddle's appeal. Phipps was not finally entitled to the non-suit until the appeal was resolved in his favor in March 2002. Finally, by so construing these two statutes we avoid the incongruity of a simultaneous appeal

3

and trial of a single cause of action, a circumstance Liddle's construction of the statute would permit.

For the above reasons, we conclude that Code § 8.01-229(E)(3) required Phipps to re-file his non-suited action within six months of March 22, 2002, the date the trial court entered "as its own" the mandate of this Court affirming the trial court's December 15, 2000 order. Because Phipps re-filed his action within that time period, the trial court erred in dismissing his action as untimely. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>