COURT OF APPEALS OF VIRGINIA

Present:   Judge Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


MANU KAPOOR

MEMORANDUM OPINION[*] BY
v.        Record No. 2582-03-4            JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 16, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Frank A. Hoss, Judge Designate

Ann B. Carr (Carr & Carr, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Jerry
W. Kilgore, Attorney General, on brief), for appellee.


Manu Kapoor appeals her conviction of third offense petit larceny, a felony, Code

§ 18.2-104.  She maintains the trial court erred by admitting evidence of an uncounseled

misdemeanor conviction.  Concluding the conviction was admissible, we affirm.

The Commonwealth offered two conviction orders to raise the offense to a felony.  The

defendant objected to the second order because it did not clearly indicate that she was

represented by counsel.[1]  The defendant received a fine of $1,500 but received neither an active

nor suspended jail sentence.

The defendant maintains that Sargent v. Commonwealth, 5 Va. App. 143, 153, 360

S.E.2d 895, 901 (1987), controls because it has never been expressly overruled.  She also

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court assumed she was not represented by counsel because the order was not
clear.

maintains that her statutory right to counsel, Code § 19.2-160, precluded the admission of the conviction order.

Sargent is no longer good law because it rested on Baldasar v. Illinois, 446 U.S. 222 (1980), which Nichols v. United States, 511 U.S. 738, 748 (1994), overruled. Baldasar held that uncounseled misdemeanor convictions could not be used to enhance punishment. Nichols held an uncounseled misdemeanor conviction was admissible to determine sentence in a subsequent offense if the conviction imposed no imprisonment but only a fine. 511 U.S. at 748-49. The Court reiterated the rule of Scott v. Illinois, 440 U.S. 367, 373 (1979), that "actual imprisonment [is] the line defining the constitutional right to appointment of counsel."

This Court has recognized that Sargent is no longer a proper application of federal constitutional law. See Sawyer v. Commonwealth, 43 Va. App. 42, 50, 596 S.E.2d 81, 85 (2004); Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 282-83 (1997). As clarified in Alabama v. Shelton, 535 U.S. 654, 674 (2002), the federal constitutional right to appointment of counsel attaches in a misdemeanor case when punishment involves active or suspended imprisonment.[2] In this case, the defendant had no constitutional right to the appointment of counsel at her prior misdemeanor conviction because she did not receive an active or suspended jail sentence.

Any violation of the statutory right to counsel would not mandate exclusion of the conviction order. "While violations of state procedural statutes are viewed with disfavor . . . neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such

---

[2] Shelton extended the constitutional right to counsel to cases in which a suspended sentence in imposed. It "rejected the Virginia Supreme Court's conclusion in Griswold [v. Commonwealth, 252 Va. 113, 472 S.E.2d 789 (1996),] that an uncounseled misdemeanor conviction is invalid only if an active period of incarceration is imposed." Sawyer v. Commonwealth, 43 Va. App. 42, 51, 596 S.E.2d 81, 85 (2004).

violations. . . . where no deprivation of the defendant's constitutional rights occurred."

Thompson v. Commonwealth, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990) (confession obtained during period of statutorily invalid arrest not subject to exclusion when accused constitutionally in custody and confessed voluntarily) (citations omitted).

The record of the defendant's prior conviction was admissible. Accordingly, we affirm.

Affirmed.