PRESENT: All the Justices

PHILLIP MORRIS WASHINGTON

                                              OPINION BY
v.  Record No. 051875              JUSTICE G. STEVEN AGEE
                                         September 15, 2006
COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA

     Phillip Morris Washington was convicted in the Circuit

Court of Stafford County of one count of malicious wounding

"after having been twice convicted of a violent felony" and one

count of "stabbing, cutting or wounding another person in the

commission of a felony."  On appeal to the Court of Appeals,

Washington contended the trial court erred in allowing the

Commonwealth to present evidence of his two prior felony

convictions during the guilt phase of the trial.  A panel of the

Court of Appeals reversed the judgment of the trial court, but

upon a rehearing en banc, the judgment of the trial court was

affirmed.  For the reasons set forth below, we will affirm the

judgment of the Court of Appeals.

            I.  FACTS AND MATERIAL PROCEEDINGS BELOW

     Washington was indicted for one count of malicious wounding

"after having been twice convicted of a violent felony" in

violation of Code § 18.2-51 and § 19.2-297.1, and one count of

violating Code § 18.2-53, for an attack on his girlfriend,

Kathleen A. Monroe, on January 13, 2001.  Prior to trial, the

Commonwealth notified Washington that "should [he] be convicted

                              1

of a felony, the Commonwealth intends to introduce into evidence at sentencing copies of the following convictions." The list included separate felony convictions for robbery in 1970 and 1976.

During his opening statement before the jury, the Commonwealth's Attorney noted that the indictment "charged not just . . . a malicious wounding but a malicious wounding as a recidivist." He asserted that "[t]he evidence in this case and one of the elements of this offense is that the defendant has twice been convicted of a violent felony in the past."

Washington objected on the grounds that "the recidivist issue is an issue for sentencing" and that "it's highly prejudicial . . . to mention it at this time." Washington also alleged that the Commonwealth did "not have sufficient documentation [of the 1976 robbery]" because one of the documents purporting to be a conviction order was "not signed . . . as an order by a judge." Washington made an oral motion in limine to prevent the Commonwealth from introducing evidence regarding Washington's prior felony acts of violence.

Agreeing that "there's no indication that [the purported 1976 conviction order] has been entered by the Court," the trial court sustained Washington's motion in limine. Washington moved for a mistrial, the Commonwealth did not object, and the trial court granted the motion. The trial court did not determine at

which phase of a bifurcated proceeding prior convictions were to be introduced into evidence.

In preparation for the second trial upon the same indictments, Washington filed a written "Motion in Limine to Prohibit Introduction of Defendant's Prior Conviction Record Before Sentencing."  After a hearing on the motion, the trial court found that "the Commonwealth has the burden of proving two prior convictions of felonious acts of violence, as charged in the indictment against Mr. Washington" and that such findings must "be made by the fact finders in this case, that is the jury, and it is to be made during the guilt or innocence phase of the proceeding."

In its case in chief, the Commonwealth introduced the sentencing and conviction orders for the two robberies.[1]  At the conclusion of the evidence, the Commonwealth offered a jury instruction on the indicted offense which stated that the jury must find the Commonwealth proved beyond a reasonable doubt the elements of the crime of malicious wounding and "[t]hat the defendant has been previously convicted of two violent felonies."  Washington objected to the Commonwealth's instruction arguing that "even though the Commonwealth is

---

[1] The prior defect with regard to the 1976 robbery was cured by a properly certified conviction order.  Washington did not object to the certification but "preserve[d] [his] exception [to the trial court's ruling on] the motion in limine."

3

permitted to introduce [Washington's prior convictions] before sentencing . . . it is not actually an element of the offense, and, therefore, does not belong in the instruction." Washington offered another instruction which included only the elements of malicious wounding as they appear in Code § 18.2-51.[2] The trial court overruled Washington's objection and instructed the jury using the language of the Commonwealth's proposed instruction.

After a two-day trial, a jury convicted Washington as charged and fixed his sentence at life imprisonment. The trial court entered judgment affirming the verdict and imposing a sentence consistent with the jury's determination.

The Court of Appeals granted Washington an appeal as to whether the "trial court err[ed] in permitting the Commonwealth to introduce evidence of two prior robbery convictions in its case-in-chief."[3] A majority of a three-judge panel of the Court of Appeals reversed the trial court's judgment, finding that nothing in Code § 18.2-51 "provides that the occurrence of

---

[2] § 18.2-51.
If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

[3] The Court of Appeals denied Washington's appeal as to whether "the trial court erred in allowing the enhanced sentencing option to be placed before the jury where the elements of Code § 19.2-297.1 had not been met," finding that this argument was not preserved in the trial court.

4

prior, separate acts of violence are elements of the offense of malicious wounding."  Washington v. Commonwealth, 44 Va. App. 157, 161, 604 S.E.2d 92, 94 (2004).

Upon rehearing en banc, a majority of the Court of Appeals affirmed the judgment of the trial court.  Washington v. Commonwealth, 46 Va. App. 276, 285, 616 S.E.2d 774, 779 (2005). Finding that Code § 19.2-297.1 did not specifically state whether a defendant's prior convictions should be introduced in the guilt or punishment phase of a trial, the en banc majority noted that neither Code § 19.2-295.1, which allows for bifurcated felony trials, nor Rule 3A:17.1(e)(1), allows "the prosecution to present substantive evidence [necessary to meet its] burden of proof under Code § 19.2-297.1(A)" during the punishment phase.  Id. at 283, 616 S.E.2d at 778.  Thus, the majority held "that the recidivism evidence necessary to implicate the terms of Code § 19.2-297.1 may be admitted during the guilt phase of a bifurcated jury trial."  Id. at 285, 616 S.E.2d at 779.

The dissenting opinion rejected the majority's reading of Code §§ 19.2-297.1 and 19.2-295.1.  The dissent concluded that "[r]ead together, Code § 19.2-297.1 and Code § 19.2-295.1 manifest the conclusion that the legislature intended that prior convictions be proved only during the punishment phase when the

5

purpose is to establish a sentencing factor."  Id. at 297, 616 S.E.2d at 785.[4]

We awarded Washington an appeal on the following assignments of error: (1) Whether "the interaction between § 19.2-297.1 and § 19.2-295.1 . . . require[s] that the prior convictions be admitted during the guilt phase of the trial;" (2) Whether the Court of Appeals erred in refusing "to consider the issue that the requirements of § 19.2-297.1 were not met at trial where the trial court ruled that the jury would have to impose a mandatory life sentence;" and (3) Whether the "requirements of § 19.2-297.1 were required to be proven in the trial court with the exception of the introduction of prior violent convictions where the Court of Appeals ruled that the statute's requirements had to be proven during the guilt phase of the trial."[5]

---

[4] A concurring opinion noted that "according to earlier judicial interpretations of similar recidivist statutes, proof of a defendant's prior like convictions is admissible during the guilt phase of the trial because it is both a required predicate for enhanced punishment and an element of the offense charged." Id. at 290, 616 S.E.2d at 781.  The concurrence also opined that the requirements of Code § 19.2-297.1 were " 'facts,' " for purposes of the United States Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466, 491 (2000), which if proven, "may 'increase[] the penalty for a crime beyond the prescribed statutory maximum.' "  Id. at 293, 616 S.E.2d at 783.

[5] Washington also assigned error to the holding of the Court of Appeals that "the common law [applies] to the determination of § 19.2-297.1 of the Code of Virginia."  We agree with Washington that introduction of prior convictions under Code § 19.2-297.1 is controlled by statute in this case and not the

6

II. ANALYSIS

Statutory interpretation presents a pure question of law and is accordingly subject to de novo review by this Court. Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). Under basic principles of statutory construction, we must determine the General Assembly's intent from the words contained in a statute. Commonwealth v. Diaz, 266 Va. 260, 264-65, 585 S.E.2d 552, 554 (2003). This general rule applies except when the language of the statute is ambiguous or would lead to an absurd result. Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 442 (1952); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).

When a given controversy involves a number of related statutes, our rules of statutory construction direct that those statutes be read and construed together in order to give full meaning, force, and effect to each. Ainslie, 265 Va. at 353, 577 S.E.2d at 249 (citation omitted). Moreover, appellate courts read related statutes in pari materia in order to give, when possible, consistent meaning to the language used by the General

---

common law. Because recidivist statutes were unknown at common law, Code § 19.2-297.1 cannot be said to codify common law principles. "Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory[,] . . . in derogation of the common law . . . ." State v. Boles, 157 S.E.2d 554, 558 (W. Va. 1967).

7

Assembly. <u>Industrial Dev. Auth. v. Board of Supervisors</u>, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002).

With these basic principles in mind, we review Washington's assignments of error.

A.   CODE § 19.2-297.1 AND THE BIFURCATED TRIAL STATUTE

Washington asks us to determine, as a question of first impression, the relationship between Code § 19.2-297.1 and § 19.2-295.1 in the context of when the evidence of prior criminal convictions is to be introduced at trial.  These statutes were contained in the same bill enacted during the 1994 session of the General Assembly.  See 1994 Acts ch. 828 (S.B. 115).

Code § 19.2-297.1, commonly denominated as the Three Strikes Law, reads in pertinent part as follows:

> A. Any person convicted of two or more separate acts of violence when such offenses were not part of a common act, transaction or scheme, and who has been at liberty as defined in § 53.1-151 between each conviction, shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have all or any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of two or more such acts of violence. For the purposes of this section, "<u>act of violence</u>" means (i) any one of the following violations of Chapter 4 (§ 18.2-30 et seq.) of Title 18.2:
>
> . . . .
>
> d. Any malicious felonious assault or malicious bodily wounding under Article 4 (§ 18.2-51 et seq.);

8

e. Robbery under § 18.2-58 and carjacking under § 18.2-58.1;

. . . .

B. . . . . The Commonwealth shall notify the defendant in writing, at least thirty days prior to trial, of its intention to seek punishment pursuant to this section.

The relevant portions of Code § 19.2-295.1, the Bifurcated Trial Statute, read as follows:

In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and adjudications of delinquency. . . . After the Commonwealth has introduced such evidence of prior convictions, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.

At the outset, we note that Washington raises no Constitutional issue in his appeal. See Medici v. Commonwealth, 260 Va. 223, 229, 532 S.E.2d 28, 32 (2000) (finding that the introduction of a defendant's prior crimes during the guilt phase did not violate his due process rights). Instead, Washington contends that reconciliation of the two statutes yields a rule that a recidivist defendant's prior convictions for acts of violence for purposes of the Three Strikes Law may

9

be introduced only in the punishment phase of a bifurcated proceeding.  Washington contends the Three Strikes Law and the Bifurcated Trial Statute must be so construed when read together because the plain language of the Three Strikes Law places it within the bifurcated trial paradigm.  Upon de novo review of both statutes, we find that the plain language of the statutes refutes Washington's argument.  Our earlier decisions construing similar statutes support this conclusion.

The Three Strikes Law clearly states that before a defendant may face enhanced punishment as a recidivist, the fact finder must determine the fact of prior applicable convictions, that the defendant was "at liberty" between the prior convictions, and that the acts upon which prior convictions were based were not part of "a common act, transaction or scheme." Code § 19.2-297.1, however, does not specifically state whether these substantive determinations must be made at the guilt or punishment stage of a bifurcated trial.

Washington argues that the phrase "upon conviction" in Code § 19.2-297.1 places the recidivist determination in the punishment phase of the trial.  We disagree.  The phrase "upon conviction" appears in at least five other recidivist statutes. See Code §§ 18.2-67.5:1, -67.5:2, -67.5:3, -248, and -270. Neither this Court, nor the Court of Appeals, has found that phrase to direct that the predicate prior convictions should be

10

introduced only in the punishment phase.  See Medici, 260 Va. at 229, 532 S.E.2d at 32 (admission into evidence of a defendant's prior rape convictions during the guilt/innocence phase of his trial under Code § 18.2-67.5:3 did not violate the defendant's due process rights); Calfee v. Commonwealth, 215 Va. 253, 254-55, 208 S.E.2d 740, 741-42 (1974) (trial court did not err in admitting prior conviction in guilt phase under a predecessor of Code § 18.2-270); Berry v. Commonwealth, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996) (prior convictions admissible during the guilt phase under Code § 18.2-248 because they are an element of the charge set forth in the indictment).

Nothing in the plain language of either statute compels the result argued by Washington.  To the contrary, the Bifurcated Trial Statute clearly restricts the evidence which may be introduced by the Commonwealth at the punishment phase to "the defendant's prior criminal convictions."  There is no authority in Code § 19.2-295.1 for the Commonwealth to present any other evidence unless and until "the defendant may introduce relevant, admissible evidence related to punishment."  In Washington's case, for example, the Commonwealth could not present any additional evidence beyond the fact of the prior convictions in the punishment phase, including the requirements under Code § 19.2-297.1 that the defendant was "at liberty" and that the prior convictions were not a part of "a common act, transaction

11

or scheme" unless Washington chose to offer "relevant, admissible evidence related to punishment." Code § 19.2-295.1. Under Washington's reading of the statutes, no enhanced punishment under Code § 19.2-297.1 could ever be adjudicated unless the defendant chose to put on evidence under Code § 19.2-295.1.

In Sheikh v. Buckingham Correctional Ctr., 264 Va. 558, 570 S.E.2d 785 (2002), we discussed the statutory limitation on the character of evidence that may be introduced in the punishment phase of a bifurcated trial under Code § 19.2-295.1. In Sheikh, the appellant claimed his trial counsel was ineffective because he "fail[ed] to introduce any evidence concerning [the appellant's] character or the mitigating circumstances of the crime, or to provide any argument supporting a lesser sentence by the jury." Id. at 564, 570 S.E.2d at 788. We rejected the appellant's argument, holding that counsel's decision not to introduce evidence at the punishment proceeding was strategic. Id. at 566, 570 S.E.2d at 789. "Under Code § 19.2-295.1 [and Rule 3A:17.1(e)], counsel's decision not to present evidence during the sentencing phase precluded the prosecutor from introducing any evidence other than a record of Sheikh's prior offenses." Id. (emphasis added). Thus, we implicitly rejected the argument that the Bifurcated Trial Statute permitted the

12

introduction of any evidence by the Commonwealth, other than the prior convictions themselves, except in rebuttal.

Washington's reading of Code § 19.2-297.1 to restrict the prior convictions evidence to the trial's punishment phase does not comport with the plain language of Code § 19.2-295.1. Under well-settled principles of statutory construction, we may not adopt an interpretation of one statute that conflicts with the plain language of another. See Phipps v. Liddle, 267 Va. 344, 346-47, 593 S.E.2d 193, 195 (2004); Lake Monticello Owners' Assoc. v. Lake, 250 Va. 565, 570, 463 S.E.2d 652, 655 (1995); Albemarle County v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

Washington admits that in order to find that the requirements of Code § 19.2-297.1 may be introduced only during the punishment proceeding, those requirements must be read into Code § 19.2-295.1. This we cannot do. Courts cannot "add language to the statute the General Assembly has not seen fit to include." Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003). "[N]or are they permitted to accomplish the same result by judicial interpretation." Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (internal quotation marks omitted).

Additionally, this Court has repeatedly held that the prior convictions of a criminal defendant facing trial as a recidivist

13

may be introduced and proved at the guilt phase of the trial on the principal offense. In Brown v. Commonwealth, 226 Va. 56, 58-59, 307 S.E.2d 239, 240 (1983), we determined that a trial court did not violate a defendant's due process rights when it admitted evidence of her prior offenses, noting that the statute under which she was convicted "explicitly requires that [prior convictions be] either admitted or proved . . . in order for the enhanced punishment provisions to become applicable." See also Griswold v. Commonwealth, 252 Va. 113, 116 & n.2, 472 S.E.2d 789, 790 & n.2 (1996) (stating that "the prior offense must be charged and proven" (quoting Calfee, 215 Va. at 255, 208 S.E.2d at 741)), overruled on other grounds by Alabama v. Shelton, 535 U.S. 654 (2002); Commonwealth v. Ellett, 174 Va. 403, 413, 4 S.E.2d 762, 766 (1939). Thus, according to our clear precedent construing similar recidivist statutes, proof of a defendant's prior predicate convictions is admissible during the guilt phase of the trial. This reading comports with the plain language of Code § 19.2-295.1 and gives full meaning, force and effect to both statutes.

Washington advances two additional observations, neither of which supports the conclusion for which he contends. He notes that (1) the two statutes were passed by the same session of the legislature; and (2) three strikes recidivism is purely a punishment issue as that statute is contained in Chapter 18 of

Title 19.2, which deals only with matters related to punishment and is titled "Sentence; Judgment; Execution of Sentence."

As for the first argument, while it is true that "two statutes [which] are passed by the same session of the legislature [presumably] were intended to stand together," Lillard v. Fairfax Airport Authority, 208 Va. 8, 13, 155 S.E.2d 338, 342 (1967), we have never held that the language of one must be read into the other. Rather, the statutes should be read "in pari materia [and] should be construed together," giving effect to both. Id. See also City of Richmond v. Board of Supervisors, 199 Va. 679, 685-86, 101 S.E.2d 641, 646 (1958).

Further, the placement of the Three Strikes Law in Title 19.2 is not dispositive. See Brown, 226 Va. at 59, 307 S.E.2d at 240 (upholding a trial court's decision to allow introduction of prior offenses at trial on the principal offense even though the statute establishing the principal offense and outlining the use of prior offenses was listed in Title 19.2, rather than 18.2). See also HCA Health Servs. of Va., Inc. v. Levin, 260 Va. 215, 220-21, 530 S.E.2d 417, 420 (2000) (finding the trial court erred in considering a statute's placement in the Code when the language of the statute was clear and unambiguous).

The General Assembly has promulgated the statutes at issue in this case which require that the Commonwealth prove, and a fact finder determine, certain substantive facts before a

15

recidivist defendant may receive an enhanced sentence. See Code § 19.2-297.1. The legislature has also limited the evidence that may be introduced in the punishment phase of a bifurcated trial. See Code § 19.2-295.1. Thus, we find that the General Assembly has provided that evidence of the defendant's prior applicable convictions, and the related requirements such as being "at liberty" may be presented at the guilt phase of a bifurcated trial.

Contrary to Washington's contentions, we do not find this legislatively established procedure to be exceptionally prejudicial to the defendant. Prior to deliberations and consistent with our case law, the jury was instructed that "[e]vidence that [Washington] was previously convicted of prior offenses should be considered . . . only for proof of the element of a prior conviction and not as proof that he committed the offense to which he is charged." We have held such an instruction sufficient to vitiate any prejudice created by introducing prior convictions in the trial of a subsequent offense. See Calfee, 215 Va. at 255, 208 S.E.2d at 742.

### B. REMAINING ASSIGNMENTS OF ERROR

Washington also assigns error to the trial court's failure to consider whether all three substantive requirements of Code § 19.2-297.1 for enhanced punishment were sufficiently proven during the guilt phase of the trial. This issue is raised for

16

the first time on appeal and thus, we cannot consider it.  Rule 5:25.  Washington objected to the Commonwealth's instruction that the jury must find the Commonwealth proved his prior convictions beyond a reasonable doubt and offered an instruction that did not include proof of the prior convictions as a requirement of the offense charged.  However, once the trial court adopted the Commonwealth's language on the elements of malicious wounding, Washington did not move to include in the instruction the other substantive findings required under the Three Strikes Law that he was "at liberty" and that the prior convictions were not part of "a common act, transaction or scheme."  Washington never argued to the trial court, or sought to alert it in any other way, that the other requirements of Code § 19.2-297.1 were not addressed.  Because he did not object to the instruction of the jury or make any other argument to the trial court on the issue he now raises as to findings required by Code § 19.2-297.1, we cannot consider Washington's assignment of error on this issue.  See City of Richmond v. Holt, 264 Va. 101, 108 n.*, 563 S.E.2d 690, 694 n.* (2002).[6]

### III. CONCLUSION

---

[6] Washington raises no claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), that the enhancement requirements of Code § 19.2-297.1 were not proven according to the required standard of proof beyond a reasonable doubt.  Neither does he raise any argument that proof at the guilt stage of a trial, instead of

For the reasons stated above, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>

_____

the punishment phase, in any way implicates the <u>Apprendi</u> line of cases.