COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Decker and AtLee
Argued at Richmond, Virginia


VIRGINIA EMPLOYMENT COMMISSION

                                              MEMORANDUM OPINION[*] BY
v.         Record No. 1268-15-2               JUDGE RANDOLPH A. BEALES
                                              APRIL 5, 2016

BRENDA R. COLE


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Theodore J. Markow, Judge Designate

            Elizabeth B. Peay, Assistant Attorney General-III (Mark R. Herring,
            Attorney General; John W. Daniel II, Deputy Attorney General;
            Kristina Perry Stoney, Senior Assistant Attorney General and Chief,
            on brief) for appellant.

            No brief or argument for appellee.


        The Virginia Employment Commission ("the VEC" or "the Commission") appeals an order

from the Circuit Court of the City of Richmond overturning the VEC's determination that Brenda

Cole (Ms. Cole) was ineligible for benefits, that the VEC had overpaid Ms. Cole during her period

of ineligibility, and that Ms. Cole was required to repay the overpaid funds under Code § 60.2-633.

For the reasons below, we affirm the circuit court.

                                    I.  BACKGROUND

        "[T]he Commission's findings of fact, if supported by the evidence and in the absence of

fraud, are conclusive." Lee v. Va. Emp't Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106

(1985).

        Ms. Cole sought unemployment compensation from the VEC after she was let go by her

employer.  On February 10, 2012, a deputy commissioner in the VEC found Ms. Cole qualified

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to receive unemployment compensation benefits in the amount of $378 per week from January 29, 2012 through July 7, 2012 – a total of twenty-three weeks. When Ms. Cole filed her application with the VEC, she informed the VEC that she was also seeking Virginia Workers' Compensation Commission (VWCC) benefits. On June 22, 2012, the VWCC issued a decision awarding Ms. Cole temporary total disability benefits in the amount of $741.37 per week from January 26, 2012 until her condition changed. In early July 2012, apparently on the same day she received the decision from the VWCC, Ms. Cole reported her award to the VEC and provided the VEC with a copy of her first VWCC check. At that time, the VEC employee who accepted a copy of the VWCC check told Ms. Cole that she might owe the VEC some money and that the VEC would be in touch with her if she did. Ms. Cole waited to cash her VWCC check for a few weeks before finally doing so.

Over two years later, on July 10, 2014, a deputy commissioner from the VEC issued a determination declaring Ms. Cole ineligible for unemployment compensation benefits. Ms. Cole appealed this decision to an Appeals Examiner for the VEC. Appeals Examiner David Jackson – referring to the two-year delay in the deputy commissioner's ineligibility determination – said, "Why it wasn't addressed until this year, I can't tell you. I don't know." However, Appeals Examiner Jackson ultimately affirmed the deputy commissioner's determination finding that Ms. Cole was ineligible for benefits from January 29, 2012 through July 7, 2012 because she was also receiving funds from the VWCC.

In an October 16, 2014 determination, a deputy commissioner from the VEC issued a second determination finding that the VEC had overpaid unemployment compensation benefits to Ms. Cole in the amount of $8,316 because "[b]enefits were paid during a period of disqualification or ineligibility." Ms. Cole also appealed this decision to Appeals Examiner Jackson. He affirmed the deputy commissioner's determination finding that the VEC had

overpaid unemployment compensation benefits and that Ms. Cole was required to repay the funds to the VEC.

Ms. Cole appealed both of Appeals Examiner Jackson's determinations to a special examiner. VEC Special Examiner Timothy Snyder ultimately consolidated both of Ms. Cole's appeals into one hearing, and found on February 23, 2015 that Ms. Cole was ineligible for benefits from January 29, 2012 through July 7, 2012 – and that she would be required to repay the unemployment compensation funds she had received two years earlier as such payments constituted overpayment.

Ms. Cole then appealed to the Circuit Court of the City of Richmond, which held that the VEC's delayed determination of ineligibility violated the statutory requirement that the VEC act "promptly" – and that "the failure to act promptly results in the VEC's order that petitioner repay her unemployment benefits is void and unenforceable."

## II. ANALYSIS

### A. Standard of Review

An issue in this case concerns the meaning of the word "promptly" within Code § 60.2-619(A) and (C). Thus, this appeal presents a matter of statutory construction, which this Court reviews *de novo*. See Va. Dep't of Health v. NRV Real Estate, LLC, 278 Va. 181, 185, 677 S.E.2d 276, 278 (2009); Actuarial Benefits & Design Corp. v. Va. Emp't Comm'n, 23 Va. App. 640, 478 S.E.2d 735 (1996) (using the principles of statutory interpretation to define "subsequently" in part of the Virginia Unemployment Compensation Act).[1] "[P]ure statutory

---

[1] The Commission, citing Va. Emp't Comm'n v. Trent, 55 Va. App. 560, 687 S.E.2d 99 (2010), asserts that this case presents review of a matter that has been committed to the agency's discretion. Trent, 55 Va. App. at 568, 687 S.E.2d at 103 (holding that "[a] reviewing court cannot 'substitute its own judgment for the agency's on matters committed by statute to the agency's discretion'" (quoting Boone v. Harrison, 52 Va. App. 53, 62, 660 S.E.2d 704, 708 (2008))). However, "[a]n agency does not possess specialized competence over the

- 3 -

interpretation is the prerogative of the judiciary." Commonwealth ex rel. State Water Control Bd. v. Blue Ridge Envtl. Def. League, 56 Va. App. 469, 481, 694 S.E.2d 290, 296 (2010) (quoting Mattaponi Indian Tribe v. DEQ ex rel State Water Control Bd., 43 Va. App. 690, 707, 601 S.E.2d 667, 676 (2004)).

The VEC is the factfinder in this case, and it is not disputed that the VEC's findings of fact are supported by credible evidence in the record. Accordingly, those facts are conclusive on appeal. Code § 60.2-625; see also Whitt v. Ervin B. Davis & Co., Inc., 20 Va. App. 432, 436, 457 S.E.2d 779, 781 (1995).

> B. The Lack of Promptness in the July 10, 2014 Decision Finding Ms. Cole Ineligible

In this case, on February 10, 2012, a deputy commissioner mailed Ms. Cole a determination finding her *eligible* for benefits. Ms. Cole notified the VEC in early July 2012 that she was receiving benefits from the VWCC. On July 10, 2014, just over two years later, the deputy commissioner issued another determination finding Ms. Cole *ineligible* for unemployment compensation benefits already paid to her during the same time period in which she received funds from the VWCC. Because Ms. Cole was entitled to receive VWCC benefits from January 26, 2012 until her circumstances changed, the VEC found that Ms. Cole was ineligible during the entire period she received unemployment benefits from the VEC.[2] The VEC asserts that the deputy commissioner was entitled to find Ms. Cole ineligible *at any time* because she, as a matter of fact, was not entitled to receive benefits during that time period. At oral argument, counsel for the VEC argued that even if a deputy commissioner made a

---

interpretation of a statute merely because it addresses topics within the agency's delegable authority." Finnerty v. Thornton Hall, Inc., 42 Va. App. 628, 634, 593 S.E.2d 568, 571 (2004).

[2] Under Code § 60.2-604, the weekly unemployment compensation benefit amount a claimant is entitled to receive shall be reduced by the amount a claimant receives from other qualifying agencies, such as the VWCC.

determination that a claimant was ineligible *ten years* after initially determining that the claimant was eligible, the VEC would still be entitled to recoup overpaid funds from the claimant.

Code § 60.2-619(A) and (C) read, "A representative designated by the Commission as a deputy, shall *promptly* examine the claim" and notice of the determination "shall be *promptly* given to the claimant." (Emphasis added). Special Examiner Timothy Snyder also acknowledged in his written opinion that the two-year delay in this simple case was too long, finding, "The Commission concedes as well that the determination in this case *should have been issued more promptly*." (Emphasis added). Therefore, given the fact that the deputy commissioner did not issue an opinion for more than two years and given that the VEC gave no reason for such a delay in its determination of whether a recipient of unemployment compensation benefits may spend them (without having to be liable for paying them back), we find that the deputy commissioner did not act promptly under these circumstances.

"Prompt" means "done without delay." American Heritage Dictionary 991 (2d ed. 1991). Based on the facts of this case, this Court need not create a bright line rule to govern whether a determination of the Commission has been issued promptly. While we find that it is not practical to create a bright line rule for what the word "promptly" means that can be applied to every determination of the Commission, we also find, however, that the deputy commissioner's determination that Ms. Cole was ineligible for benefits here was not issued promptly under any rational definition of that term. The deputy commissioner did not issue an opinion ordering Ms. Cole to repay her benefits for over two years after Ms. Cole provided the VEC with her documentation from the VWCC, and the Commission gave *no reason* to explain the delay. Therefore, while we need not determine exactly what "promptly" means in all cases, it clearly does not mean more than two years after the claimant has forthrightly and quickly provided all appropriate information to the VEC, as is the case here.

C.  Mandatory Promptness Requirement

Special Examiner Snyder of the VEC conceded in his written opinion that the promptness

requirement for issuing a determination found in Code § 60.2-619 is a *mandatory* requirement

for the VEC.  Brenda R. Cole v. Hill Phoenix, Inc., Commission Decision 115994-C (Feb. 23,

2015) ("It is true that Section 60.2-619 of the Code requires that determinations be issued

promptly . . . . While it is clear the Commission is required to issue determinations promptly, the

Commission does not believe this gives the Commission the authority to ignore other mandatory

language in the statute.").[3]

We agree with Special Examiner Snyder that Code § 60.2-619 includes a mandatory

"promptness requirement."  The statutory framework as it relates to the VEC further supports

this conclusion.  "[T]he primary objective of statutory construction is to ascertain and give effect

to legislative intent."  Turner v. Commonwealth, 226 Va. 456, 459, 308 S.E.2d 337, 338 (1983).

Indeed, "this Court must always 'ascertain and give effect to the intention of the legislature.'"

Saffert v. Fairfax Cty. Sch. Bd., 59 Va. App. 458, 465, 720 S.E.2d 139, 143 (2012) (quoting

Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)).

Code § 60.2-619(A) and (C), which we find require the Commission to examine claims

and render decisions promptly, must be read as part of the overall statutory scheme.  The

Supreme Court has noted that the purpose of the Unemployment Compensation Act "is to assure

a measure of security against the hazard of unemployment in our economic life."

Unemployment Comp. Comm'n of Va. v. L.E. Collins, 182 Va. 426, 438, 29 S.E.2d 388, 393

---

[3] Generally, the use of the term "shall" is directory and procedural rather than mandatory and jurisdictional.  See Hood v. Commonwealth, 280 Va. 526, 541, 701 S.E.2d 421, 429-30 (2010), and Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).  However, if the statute manifests a different intent, "shall" will be construed as mandatory.  See Jamborsky, 247 Va. at 511, 442 S.E.2d at 638.  In this case, the statutory scheme supports our conclusion that "shall" is mandatory on the VEC.

(1944). Likewise, this Court has stated, "The purpose of the [Unemployment Compensation] Act is to 'provide temporary financial assistance to workmen who [become] unemployed without fault on their part. The statute *as a whole* . . . should be so interpreted as to effectuate that *remedial purpose implicit in its enactment*.'"[4] Johnson v. Va. Emp't Comm'n, 8 Va. App. 441, 448-49, 382 S.E.2d 476, 479 (1989) (emphasis added).

Our interpretation of Code § 60.2-619 is consistent with this clearly defined legislative purpose underlying the statutory framework that governs the VEC. To adopt the VEC's interpretation would allow the VEC not to get around to examining a claim and rendering a determination on it for two years, five years, or even ten years and still demand repayment when the claimant had honestly and expeditiously provided all necessary information – a point conceded by appellant's counsel at oral argument. Adopting the VEC's interpretation would force Ms. Cole to bear the burden of the VEC's unnecessary and unexplained delay in determining that she was ineligible for benefits and that she was required to pay the unemployment compensation funds back as a result. This would not serve the statute's general purpose of providing temporary financial assistance to unemployed individuals. It would, in fact, penalize Ms. Cole for being a model claimant.[5] Ms. Cole was scrupulously honest and

---

[4] Ms. Cole made the argument below that the line of cases stemming from In re Ginger L. Ardizzone, Commission Decision 10619-C (Aug. 2, 1978), controls our decision. However, the VEC asserts that the Commission expressly rejected the Ardizzone line of decisions in Sal A. DeRogatis v. Heard Concrete Construction, Inc., Commission Decision 91969-C (May 19, 2010), and that the Commission is free to overturn its own precedent. VEC also notes that the Commission's interpretation in Ardizzone was never specifically adopted by Virginia courts. We note that no prior decision of the Commission is binding on this Court and that our decision in this case is based on our interpretation of the relevant statutory law.

[5] Code § 60.2-618 – also part of the statutory framework for the VEC – provides the VEC with the authority to issue a determination disqualifying a claimant from unemployment compensation benefits for a period of fifty-two weeks if a claimant makes a false statement or misrepresentation in order to obtain or increase his or her benefits. Code § 60.2-618 specifically allows the VEC to recover benefits that it provided to a claimant for a fraudulent claim, based on

diligent in her dealings with the VEC. To allow the VEC to collect from Ms. Cole *two years* after she was paid unemployment compensation to "tide her over" after becoming unemployed could have a devastating effect on her finances. Presumably, the General Assembly intentionally included the "promptness" language as a mandatory requirement to ensure that a claimant could rely on payments received from the VEC to meet their financial needs without fear that the VEC could order repayment *years* later – through no fault of the claimant.[6] Thus, we conclude that the promptness requirement of the statute is mandatory for the VEC. Because the deputy commissioner failed to meet the promptness requirement with his untimely determination of ineligibility, his determination under these circumstances cannot be valid.

### D. No Actual Conflict Between Code § 60.2-619 and Code § 60.2-633

The VEC argues that there is a conflict between the mandatory provisions of Code § 60.2-619 governing prompt determinations of the VEC and Code § 60.2-633. Specifically, the VEC contends that there is no language in Code § 60.2-619 or anywhere else within the statutory framework that would authorize the Commission to ignore the mandatory language contained in

Code § 60.2-633 (the recoupment statute). However, Code § 60.2-618 only allows the VEC to make its disqualification determination within thirty-six months of the date of a claimant's false statement or misrepresentation. This shows the General Assembly's intent to provide security to all claimants that they will not – years after the fact – be told that they have to repay money that they most likely no longer have. The General Assembly clearly would not have intended to limit the VEC's ability to recover unemployment compensation benefits when a claimant has acted fraudulently – but allow the VEC a totally unlimited time to recover from an honest claimant who had followed all of the rules.

[6] As further evidence of the General Assembly's intent that Code § 60.2-619(A) and (C) be mandatory on the VEC, in subsection (B), the statute reads, "the Commission shall cause an informatory notice of such filing to be mailed to [specific employers and related parties]. However, the failure to furnish such notice *shall not have any effect upon the claim for benefits*." Code § 60.2-618(B) (emphasis added). In subsection (B), the General Assembly *explicitly* noted that the VEC's failure to provide notice does not affect a claimant's claim for benefits. The General Assembly could have likewise included language in either subsection (A) or (C), making it clear that the VEC's failure to promptly examine a claim would not affect the claim – i.e., would not preclude the VEC from making a determination even if it was not prompt. However, the General Assembly did not include such language in Code § 60.2-619(A) or (C).

- 8 -

Code § 60.2-633 governing recoupment of benefits to which a claimant is not entitled ("Any person who has received any sum as benefits under this title to which he was not entitled shall be liable to repay such sum to the Commission."). "When faced with apparently conflicting statutes," courts must apply "a well-established principle of statutory construction." Boynton v. Kilgore, 271 Va. 220, 229, 623 S.E.2d 922, 927 (2006). "If possible, we must harmonize apparently conflicting statutes to give effect to both." Id. (quoting Phipps v. Liddle, 267 Va. 344, 346, 593 S.E.2d 193, 195 (2004)). "We accord each statute, insofar as possible, a meaning that does not conflict with any other statute." Ragan v. Woodcroft Village Apts., 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998).

While Code § 60.2-619 and Code § 60.2-633 both contain mandatory provisions, we find that there is no actual conflict as to which statute applies in this case. While the VEC argues that Code § 60.2-633 creates a mandatory requirement for a claimant to repay any benefits received to which he or she was not entitled, its argument ignores the fact that a deputy commissioner's determination that a claimant is not entitled to benefits is subject to the mandatory promptness requirement of Code § 60.2-619. Pursuant to Code § 60.2-619, a deputy commissioner must "promptly examine" all claims and the determination "shall be promptly given to the claimant." As stated supra, this Court finds that the "shall" language in Code § 60.2-619 is mandatory. Thus, the statutory framework governing the VEC requires the VEC – prior to seeking repayment of benefits to which a claimant is not entitled – to make a prompt determination that a claimant is not entitled or ineligible for unemployment benefits.

Therefore, we find that *before* the VEC can order a claimant to repay benefits to which the claimant is not entitled back to the VEC pursuant to Code § 60.2-633, there must first be a *prompt* determination that the claimant received benefits to which the claimant was not entitled pursuant to Code § 60.2-619.

- 9 -

E. Code § 60.2-633 Requires a Prompt Determination of Ms. Cole's Ineligibility

Because the deputy commissioner's decision was not prompt, it was a violation of the mandatory requirement found in Code § 60.2-619(A). Thus, any subsequent determination made as a result of the deputy commissioner's untimely ineligibility finding must be invalid. If the subsequent determination were not rendered invalid, the "promptness requirement" would be meaningless. Whenever possible, we construe a statute so that each word in the statute has meaning. Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998) ("[E]very part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary."). Because the deputy commissioner's second determination in 2014 (that applied Code § 60.2-633 and found Ms. Cole liable for overpayment during her period of "ineligibility") flowed from the deputy commissioner's first finding in 2014 (that Ms. Cole was ineligible), it too must be invalid.

Therefore, Ms. Cole cannot be obligated to repay the VEC under Code § 60.2-633 (the recoupment statute).[7] The recoupment statute only requires the VEC to recoup funds to which a claimant is *not entitled*, and the deputy commissioner's determination that Ms. Cole was not entitled to unemployment compensation is not valid in the situation before us because it was not promptly given to the claimant, as required by Code § 60.2-619.

## III. CONCLUSION

In conclusion, we hold that the "promptness requirement" language in Code § 60.2-619(A) and (C) prevents the VEC from deciding, under the scenario of this case, that a claimant must repay unemployment compensation more than two years after receiving it.

---

[7] Today's decision by this Court should not be generally read to derogate the VEC's statutory authority to recoup overpaid funds. Certainly, if the VEC determination here – that Ms. Cole should not have received unemployment compensation payments and thus was overpaid such funds – had been promptly made, the VEC would have been entitled to subsequently recoup those funds from her.

- 10 -

Because the VEC failed to *promptly* issue a determination in compliance with Code § 60.2-619 that Ms. Cole was ineligible for unemployment compensation, its untimely determination that she was ineligible and required to repay the unemployment compensation is incorrect and unenforceable against Ms. Cole. For all of these reasons, Ms. Cole is not required to pay back any unemployment compensation benefits provided to her by the VEC during the period the VEC originally found her eligible in 2012. Accordingly, we affirm the circuit court.

<u>Affirmed.</u>