COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


WARREN NICHOLAS ELEM, JR.
                                                            OPINION BY
v.        Record No. 2771-08-4               JUDGE JEAN HARRISON CLEMENTS
                                                         OCTOBER 13, 2009
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            William T. Newman, Jr., Judge

              Matthew T. Foley, Deputy Public Defender (Charles Burnham,
              Assistant Public Defender, on brief), for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General
              (William C. Mims, Attorney General, on brief), for appellee.


        A jury convicted Warren Nicholas Elem, Jr. (Elem) of felony petit larceny pursuant to

Code §§ 18.2-96 and 18.2-104.[1]  He argues the trial court erred in denying his motion to

bifurcate the guilt phase of his trial.  Elem moved to bifurcate the guilt phase so that the jury

would not be aware of his prior larceny convictions until it determined whether he was guilty of

petit larceny.  Pursuant to Elem's motion, if the jury determined that he was guilty of petit

larceny, the Commonwealth would then present evidence of his prior larceny offenses and the

jury would determine if the Commonwealth proved the prior larceny offenses.  In denying

Elem's motion, the trial court stated that there was no authority for such a procedure and that it

was for the legislature to change the manner of proof in recidivist crimes.

_____

        [1] Elem was also convicted of resisting arrest, and he claims no error related to this
conviction.

On appeal, Elem argues the trial court incorrectly decided that it lacked authority to bifurcate the guilt phase because the statutes do not prohibit such a procedure. Elem also argues the trial court abused its discretion in refusing to bifurcate the guilt phase of his trial because informing the jury of his prior larceny convictions prior to the jury determining his guilt of the present larceny charge undoubtedly caused him great prejudice. We disagree with Elem, and affirm.

The facts of the petit larceny are not in dispute. Elem was accused of stealing a wallet and indicted for felony petit larceny due to nine prior larceny convictions.[2] In this case, the trial court's decision denying Elem's request for a bifurcated trial during the guilt phase is an issue of statutory interpretation, which we review *de novo* on appeal. Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007).

In Brown v. Commonwealth, 226 Va. 56, 307 S.E.2d 239 (1983), the defendant was charged with felony petit larceny, and she requested a bifurcated trial to prevent evidence of her prior larceny convictions until after the jury determined her guilt or innocence. Id. at 58-59, 307 S.E.2d at 240. Although we note that Brown challenged her conviction on due process grounds,[3] in affirming her conviction, the Supreme Court found

> Brown sought a bifurcated trial, but there is no statutory
> authorization for such a procedure in this case. Bifurcated trials
> have been provided by statute only in capital murder cases, Code
> § 19.2-264.3, and in certain traffic cases, [former] Code
> § 46.1-347.2 [now Code § 46.2-943]. There may be sound
> arguments for the extension of such trials to other offenses in

---

[2] Pursuant to Code § 18.2-104, when an individual is convicted of larceny, third or subsequent offense, the crime is elevated to a Class 6 felony, even if the underlying offense is a misdemeanor.

[3] Elem does not raise any due process challenge to the trial court's denial of his motion.

Virginia, but these arguments should be addressed to the General Assembly.

Id. at 59, 307 S.E.2d at 241.

In 1994, subsequent to the Brown decision, the General Assembly enacted Code § 19.2-295.1.[4] In enacting this provision, "the General Assembly created two distinct stages of all felony and Class 1 misdemeanor trials - the guilt phase and the punishment phase." Ford v. Commonwealth, 48 Va. App. 262, 268, 630 S.E.2d 332, 336 (2006). "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly." Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001).[5] "Courts cannot 'add language to the statute the General Assembly has not seen fit to include.'" Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006) (quoting Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)).

When the legislature enacted and amended Code § 19.2-295.1, it was well aware of the appellate decisions concerning the manner of proof of the prior convictions for recidivist offenses, but it chose not to create a separate bifurcated procedure of the guilt phase for these offenses. See Washington, 272 Va. at 459, 634 S.E.2d at 316 (finding that the Supreme Court

---

[4] Code § 19.2-295.1 provides in part:

In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, or upon a finding in the trial de novo of an appealed misdemeanor conviction that the defendant is guilty of a Class 1 misdemeanor, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.

[5] Code § 19.2-295.1 was amended by the legislature in 2007, 2001, 1996, and 1995.

"has repeatedly held that the prior convictions of a criminal defendant facing trial as a recidivist may be introduced and proved at the guilt phase of the trial on the principal offense"). It is settled under Virginia law that the potential prejudice that appellant contends would arise from the introduction of his prior convictions prior to the point at which the jury decides whether he was guilty of petit larceny can be sufficiently solved by an appropriate limiting instruction to the jury. Id. at 460, 634 S.E.2d at 317. In this case, the trial court gave such an instruction.

Thus, we hold that the trial court did not err in finding that it was for the legislature to determine the manner of proof of prior conviction for the underlying charge and in denying Elem's motion to bifurcate the guilt phase of his trial. Since the trial court did not err in denying Elem's motion, the trial court did not abuse its discretion in failing to bifurcate the guilt phase of Elem's trial. Accordingly, we affirm Elem's conviction for felony petit larceny in violation of Code §§ 18.2-96 and 18.2-104.

                                                                        Affirmed.