COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


DAVID NELSON

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2102-08-4                            JUDGE ROSSIE D. ALSTON, JR.
                                                              FEBRUARY 2, 2010
COMMONWEALTH OF VIRGINIA


                        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                    Marcus D. Williams, Judge

               Patrick M. Blanch (Office of the Public Defender, on brief), for
               appellant.

               John W. Blanton, Assistant Attorney General (William C. Mims,
               Attorney General; Joshua M. Didlake, Assistant Attorney General,
               on brief), for appellee.


        David Nelson (appellant) appeals from his conviction of operating a motor vehicle while

intoxicated, the fourth offense in ten years, in violation of Code §§ 18.2-266 and 18.2-270. On

appeal, appellant contends the trial court erred in denying his motion to bifurcate the guilt phase

of trial. Appellant further contends the evidence was insufficient to prove he operated a motor

vehicle within the meaning of Code § 18.2-266, or in the alternative, that Code § 18.2-266 is

unconstitutionally vague. For the reasons that follow, we find the trial court did not err and we

affirm appellant's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "Examining the evidence through this evidentiary prism requires [this Court] to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Lay v. Commonwealth, 50 Va. App. 330, 333, 649 S.E.2d 714, 715 (2007) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).

So viewed, the evidence showed that at about 4:00 p.m. on September 2, 2007, Officer T. Benedict found appellant inside a vehicle parked on a residential street in Fairfax County. Appellant was "slumped over" in the driver's seat with a cell phone in his hand. The vehicle's radio was on, but the engine was not running and the gearshift was in park. Benedict noted that appellant appeared to be asleep or "passed out." Appellant's hair and clothes were disheveled, and a strong odor of alcohol emanated from the vehicle. Benedict observed a cup containing a clear liquid in the center console and an empty wine jug in the backseat. Benedict testified that the vehicle's key was in the ignition in the position in which "the car is not actually running but [it enables] you [to] run the radio and use things in the car." Benedict also testified that in order to remove the key from the steering column, he had to rotate the key "back to the point where it would actually release."

---

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

Benedict woke appellant and asked him to exit the vehicle. Benedict noted that appellant's speech was slurred, his eyes were bloodshot, and he smelled of alcohol. Benedict performed field sobriety tests, all of which appellant failed. A certificate of analysis, admitted at trial, showed appellant's blood alcohol concentration was 0.40.[2] Appellant was arrested and charged with operating a motor vehicle while intoxicated, having previously been convicted of three similar offenses within the past ten years.

Prior to appellant's jury trial, appellant moved to bifurcate the trial into separate determinations of guilt and recidivism. Specifically, appellant requested that jurors be asked to determine appellant's guilt or innocence as to the instant offense of operating a motor vehicle while intoxicated, and only if the jury found him guilty of the instant offense, would it determine whether appellant was guilty of a fourth conviction under Code § 18.2-266 within ten years. The trial court denied appellant's motion to bifurcate the guilt phase of trial, noting that, "trial courts don't have any inherent authority to bifurcate cases beyond what [Code § 19.2-295.1] provides." The court did, however, provide a cautionary instruction to the jury stating, "Evidence of prior convictions is admitted only for the purpose of fixing the quantum of punishment. It is not to be considered by you as evidence of [appellant's] guilt in this trial."

At trial, appellant moved to strike the evidence, arguing the Commonwealth failed to show appellant "operated" a motor vehicle within the meaning of Code § 18.2-266. The trial court denied appellant's motion to strike the evidence and instructed the jury, "operating a motor vehicle means manipulating the electrical or mechanical equipment of the vehicle without actually putting the vehicle in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle." The jury found appellant

---

[2] At trial, appellant objected to the admission of the certificate of analysis into evidence, arguing the Commonwealth did not establish a chain of custody. The trial court admitted the certificate, over objection, and this Court denied appellant's petition for appeal on the issue.

guilty of operating a motor vehicle, his fourth offense in ten years, in violation of Code §§ 18.2-266 and 18.2-270.

Appellant filed a motion to set aside the verdict, arguing for the first time that Code § 18.2-266 was unconstitutionally vague. The trial court denied appellant's motion and entered judgment in accordance with the jury's verdict. This appeal followed.

## II. ANALYSIS

On appeal, appellant first argues the trial court incorrectly decided that it lacked authority to bifurcate the determinations of guilt and recidivism and the trial court abused its discretion in failing to grant his motion to bifurcate. Next, appellant argues the trial court erred in denying his motion to strike the evidence because the evidence was insufficient to prove appellant "operated" a motor vehicle. Finally, appellant argues Code § 18.2-266 is unconstitutionally vague because the term "operating" is not clearly defined so as to put potential defendants on notice of the proscribed conduct.

### A. Motion to Bifurcate Guilt Phase of Trial

This Court recently decided Elem v. Commonwealth, 55 Va. App. 55, 58, 683 S.E.2d 830, 831 (2009), in which we held the trial court did not err in denying the defendant's motion to bifurcate the determinations of guilt and recidivism. Finding appellant's argument in the instant case is the very same argument made by the defendant in Elem, we hold the trial court did not err in denying appellant's motion to bifurcate the guilt phase of trial in this case.

The Supreme Court of Virginia "has repeatedly held that the prior convictions of a criminal defendant facing trial as a recidivist may be introduced and proved at the guilt phase of the trial on the principal offense." Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006). "[T]he trial court's decision denying [appellant's] request for a bifurcated trial during the guilt phase is an issue of statutory interpretation, which [this Court] review[s] *de novo*

- 4 -

on appeal." Elem, 55 Va. App. at 56, 683 S.E.2d at 830 (citing Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007)).

In Elem, the defendant argued the trial court incorrectly decided that it lacked authority to bifurcate the guilt phase of his jury trial for petit larceny, as a third offense, because no statute prohibits such a procedure. Id. Further, the defendant argued, "the trial court abused its discretion in refusing to bifurcate the guilt phase of his trial because informing the jury of his prior larceny convictions prior to the jury determining his guilt of the present larceny charge undoubtedly caused him great prejudice." Id.

The Supreme Court of Virginia first addressed the issue of bifurcation in Brown v. Commonwealth, 226 Va. 56, 307 S.E.2d 239 (1983).

> "Brown sought a bifurcated trial, but there is no statutory authorization for such a procedure in this case. Bifurcated trials have been provided by statute only in capital murder cases, . . . and in certain traffic cases . . . . There may be sound arguments for the extension of such trials to other offenses in Virginia, but these arguments should be addressed to the General Assembly."

Elem, 55 Va. App. at 57, 683 S.E.2d at 831 (quoting Brown, 226 Va. at 59, 307 S.E.2d at 241) (citations omitted).

"[S]ubsequent to the Brown decision, the General Assembly enacted Code § 19.2-295.1. In enacting this provision, 'the General Assembly created two distinct stages of all felony and Class 1 misdemeanor trials - the guilt phase and the punishment phase.'" Id. (quoting Ford v. Commonwealth, 48 Va. App. 262, 268, 630 S.E.2d 332, 336 (2006)). Code § 19.2-295.1 provides, in pertinent part,

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, or upon a finding in the trial de novo of an appealed misdemeanor conviction that the defendant is guilty of a Class 1 misdemeanor, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.

Finding no error by the trial court in <u>Elem</u>, this Court reasoned,

> "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly."

55 Va. App. at 57, 683 S.E.2d at 831 (quoting <u>Weathers v. Commonwealth</u>, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001)).

> When the legislature enacted and amended Code § 19.2-295.1, it was well aware of the appellate decisions concerning the manner of proof of the prior convictions for recidivist offenses, but it chose not to create a separate bifurcated procedure of the guilt phase for these offenses. It is settled under Virginia law that the potential prejudice that appellant contends would arise from the introduction of his prior convictions prior to the point at which the jury decides whether he was guilty of petit larceny can be sufficiently solved by an appropriate limiting instruction to the jury.

<u>Id.</u> at 58, 683 S.E.2d at 831 (citing <u>Washington</u>, 272 Va. at 459-60, 634 S.E.2d at 316-17). Because the trial court gave such a limiting instruction in <u>Elem</u>, this Court held the trial court did not err in denying the defendant's motion to bifurcate the trial. <u>Id.</u>

<u>Elem</u> is controlling in our determination and is virtually "on-all-fours" with the instant case. Herein, the trial court instructed the jury, "Evidence of prior convictions is admitted only for the purpose of fixing the quantum of punishment. It is not to be considered by you as evidence of [appellant's] guilt in this trial." As stated in <u>Elem</u>, any potential prejudice that appellant contends would arise from the introduction of his prior convictions prior to the point at which the jury decides whether he was guilty of the instant offense, was sufficiently solved by the limiting instruction. <u>Id.</u> Accordingly, the trial court did not abuse its discretion in failing to bifurcate the determinations of guilt and recidivism in appellant's trial.

B.  Sufficiency of the Evidence

Next, appellant contends the evidence was insufficient to support his conviction of operating a motor vehicle while intoxicated because he was not "operating" the vehicle, as required by Code § 18.2-266.  That section states, in pertinent part, "It shall be unlawful for any person to drive *or operate* any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more."  (Emphasis added).

> "Operating" not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion.  It means engaging the machinery of the vehicle[,] which alone, or in sequence, will activate the motive power of the vehicle.

Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975) (citing Gallagher v. Commonwealth, 205 Va. 666, 668-70, 139 S.E.2d 37, 39-40 (1964)).  An "operator" is "'one that produces a physical effect or engages himself in the mechanical aspect of any process or activity:  as . . . one that uses or operates a machine or device . . . sometimes used to distinguish the user of fixed devices from the driver of automotive devices.'"  Stevenson v. City of Falls Church, 243 Va. 434, 437, 416 S.E.2d 435, 437 (1992) (quoting Webster's Third New Int'l Dictionary 1581 (1986) (alterations in Stevenson)).

In Williams, officers discovered the defendant "slumped over" the steering wheel of his vehicle.  216 Va. at 298, 217 S.E.2d at 894.  The vehicle's engine was on, and when officers aroused the defendant, he made a motion toward the gearshift.  Id. at 298, 217 S.E.2d at 894-95.  Affirming the defendant's conviction for operating his vehicle while intoxicated, the Court noted that from all of the facts, "the trial court could properly find beyond a reasonable doubt that the defendant was in actual physical control of the vehicle and that he had engaged the machinery of the vehicle which alone, or in sequence, would have activated its motive power."  Id. at 301, 217 S.E.2d at 896.  "[T]he vehicle was movable," and "[f]rom a mechanical standpoint, it was

- 7 -

capable of being immediately placed in motion to become a menace to the public, and to its drunken operator." Id.

Applying the standard set out in Williams, this Court has determined that the evidence is sufficient to support a finding that the defendant was "operating" his vehicle when either the vehicle's motor is running or the defendant has in some way manipulated the mechanical or electrical equipment of the vehicle. See Keesee v. Commonwealth, 32 Va. App. 263, 265, 527 S.E.2d 473, 474 (2000) (finding the defendant was "operating" his vehicle when the vehicle was found on the highway turned on its side, the defendant was pinned behind the steering wheel, the keys were in the ignition, the vehicle was in gear, and the vehicle's taillights were illuminated); Probst v. Commonwealth, 24 Va. App. 791, 792-95, 485 S.E.2d 657, 658-59 (1997) (finding the defendant was "operating" his vehicle when the vehicle was found stopped at an intersection, the defendant was asleep behind the steering wheel with his seat belt fastened, and though the engine was not running, the key was in the ignition, the vehicle was in gear, and the headlights, taillights, and dashboard lights were on).

In contrast, in Stevenson, the Supreme Court of Virginia reversed the defendant's conviction for operating a motor vehicle while intoxicated. 243 Va. at 438, 416 S.E.2d at 438. The defendant in Stevenson was found asleep behind the steering wheel of his vehicle, parked outside a convenience store. Id. at 435, 416 S.E.2d at 436. The key was in the vehicle's ignition, but the officer could not recall whether it was in the "on" or "off" position. Id. The engine of the vehicle and all of its other mechanical and electrical parts were off. Id. The Supreme Court of Virginia noted that because "[i]t was not recalled whether the key was in the 'on' or 'off' position," "we must assume that the key was in the off position." Id. at 438, 416 S.E.2d at 438. Reversing the defendant's conviction, the Court held, "Because the presence of the key in the ignition switch in the off position did not engage the mechanical or electrical equipment of [the

defendant's] car, [the defendant] did not 'drive or operate' the car within the meaning of the statute[] . . . ." Id.

In the instant case, appellant was "slumped over" the driver's seat of his vehicle. The engine was not running, and the vehicle was not in gear. However, contrary to Stevenson, the key was in the ignition, turned so the vehicle's electrical system would work, and the vehicle's radio was turned on. Unlike Stevenson, the trial court in this case was presented with facts to suggest the key was in the "on" or "accessory" position. Officer Benedict testified that the key was in the ignition in the position in which "the car is not actually running but [it enables] you [to] run the radio and use things in the car." In order to remove the key from the steering column, Benedict had to rotate the key "back to the point where it would actually release." Thus, contrary to appellant's argument, we are not required to assume the key was in the "off" position, as the Commonwealth presented evidence to support the opposite conclusion.

Given that appellant used the key to activate the vehicle's radio, the jury was presented with sufficient evidence to find appellant manipulated the vehicle's electrical equipment, and in doing so, began the sequence of activating the vehicle's motive power. Accordingly, we find the evidence sufficient to support appellant's conviction for operating a motor vehicle while intoxicated, in violation of Code § 18.2-266.

## C.  Void for Vagueness

Appellant argues that if this Court determines the evidence was sufficient to find appellant operated a motor vehicle under Code § 18.2-266, then it should find the statute is unconstitutionally vague, because it does not put a reasonable person on notice of the proscribed conduct. Finding appellant failed to properly present this argument, we are procedurally barred from considering it.

Appellant raises a constitutional challenge to Code § 18.2-266 in a separate question presented to this Court on appeal. However, this question was not included in appellant's petition for appeal, and the Court neither granted nor denied the issue. Rule 5A:12(c) states, "The provisions of Rule 5A:18 shall apply to limit those questions which the Court of Appeals will rule upon on appeal. Only questions presented in the petition for appeal will be noticed by the Court of Appeals." Accordingly, appellant did not properly present his constitutional argument and we do not consider it on appeal.

### III. CONCLUSION

For these reasons, we hold the trial court did not abuse its discretion in denying appellant's motion to bifurcate the guilt phase of trial. We further hold the evidence was sufficient to convict appellant of operating a motor vehicle while intoxicated, his fourth offense within a ten-year period, in violation of Code §§ 18.2-266 and 18.2-270. Finally, we find appellant failed to properly present the issue of whether Code § 18.2-266 is unconstitutional, and, thus, we do not consider the issue on appeal. Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>